■ ADOLFINA MONTES et al., Appellants, v MANUFACTURERS HANOVER TRUST COMPANY, Respondent. (And a Third-Party Action.) [602 NYS2d 123] —Order of the Appellate Term of the Supreme Court, First Department (Ostrau, P. J., and Riccobono, J.; McCooe, J., dissenting), entered on or about July 1, 1992, affirming an order of Civil Court of the City of New York, New York County (Walter Tolub, J.), entered on or about May 9, 1990, denying plaintiff's motion to restore this action to the trial calendar, unanimously affirmed, without costs.

This action was commenced by plaintiff *pro se* in 1976, some 22 years after she allegedly opened Totten trust accounts for her daughters, 12 years after the withdrawals of which she complains were last made and 4 years after she allegedly discovered that her then husband had allegedly made withdrawals without her authorization and allegedly on a forged signature. In May 1986, the case was dropped from the trial calendar by stipulation of the parties' counsel, to be restored without motion on 30 days notice. No activity took place on the case until plaintiff moved nearly 2½ years later, with the aid of new counsel, to restore it to the calendar in September 1988, her motion being granted on September 6, 1988. Plaintiff did not restore the case to the calendar and no further action was taken until the Clerk of the court dismissed the case due to abandonment on October 12, 1989. Thereafter, plaintiff moved by Notice of Motion with her third attorney's affirmation of December 15, 1989, to restore the case to the trial calendar again. The attorney's affirmation accompanying the motion papers alleged the inaction of previous counsel in forwarding the case and "physical incapacitation" from which plaintiff suffered prior to the date of the motion.

In order to restore an action dismissed pursuant to CPLR 3404, the moving party must demonstrate a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party and a lack of intent to abandon the action (*Rosado v New York City Hous. Auth.*, 183 AD2d 640, 642). In this case, plaintiff's attorney, unsupported by an affidavit of plaintiff, set forth mere conclusory allegations concerning the meritorious nature of her cause of action and a reasonable excuse for the delay in restoring the case after she had already been given a second chance. She failed to demon-

strate that defendant and third-party defendant would not be prejudiced if the case were restored.

We have taken into consideration that plaintiff has represented herself *pro se* through much of the proceedings in this litigation, and would therefore apply the rules of procedure liberally. We find, however, that in this instance, the Civil Court did not abuse its discretion in declining to restore plaintiff's case to the trial calendar, and that Appellate Term's affirmance was appropriate. Concur—Murphy, P. J., Wallach, Kassal and Nardelli, JJ.