■ PAUL SOLOVAY, Respondent, v NICOLA PAONE CORP., Appellant. [645 NYS2d 769] —Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about October 28, 1994, which, *inter alia*, denied defendant's motion, denominated as one for renewal/reargument of a prior order, same court and Justice, dated February 8, 1994, granting plaintiff's motion to vacate a default judgment entered against him on October 16, 1987 and to restore the action to the calendar, is deemed a denial of a motion by defendant to vacate its default on the motion decided February 8, 1994, and, so considered, unanimously reversed, on the law and the facts, and plaintiff's motion to restore the action to the calendar denied, without costs.

Only the appeal from the October 28, 1994 order is at issue, first because it superseded the prior order (*see, e.g., Layton v Layton*, 19 AD2d 726, 727), and second because the prior order was nonapplicable since it was entered on default (CPLR 5511). The October 28, 1994 order denied a motion by defendant denominated as one for renewal/reargument of the motion decided on February 8, 1994 but, in fact, defendant was seeking to vacate its default on the February 8 motion wherein plaintiff sought to vacate his default and have the action restored to the calendar (*see*, CPLR 5520 [c]).

CPLR 3404 provides, in pertinent part, that a case in the Supreme Court that has been marked off or struck from the calendar "and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without cause for neglect to prosecute". After a year, a party's request to restore an action to the calendar may be granted in the court's discretion. Restoration requires a showing of merit to the moving party's claim, lack of prejudice to the other parties, lack of intent to abandon or deliberately default in the action, and a reasonable excuse for the moving party's delay (*Tucker v Hotel Empls. & Rest. Empls. Union*, 134 AD2d 494, 495; *see also, Montes v Manufacturers Hanover Trust Co.*, 197 AD2d 357, *lv dismissed* 83 NY2d 797).

The IAS Court erred in finding no intent on plaintiff's part to abandon the action, his counsel's failure to comply with requests for discovery, and to contact defendant's counsel for six years after the case was dismissed, evidencing the contrary. In addition, plaintiff failed to show the merit of his claim, his pleadings and affidavit containing only conclusory allegations of negligence, or an excuse for the delay, his claim of law office

failure on the part of his first attorney due to poor health being unsupported by an affidavit from such attorney or his treating physician, and by proof that the disability was continuous throughout the period in question (*Knight v City of New York*, 193 AD2d 720, 722, *lv dismissed* 83 NY2d 800). While the extent of prejudice, if any, is unclear, plaintiff claiming that the site of the occurrence has not changed in the 11$^1$/$_2$ years since the cause of the action accrued, and that discovery has been completed, plaintiff's failure to otherwise demonstrate that restoration of this matter to the calendar is warranted requires that the motion be denied. Concur—Sullivan, J. P., Rubin, Asch and Williams, JJ.