■ Isiah Spivey, Appellant, v John J. Bouteureira, Respondent. [687 NYS2d 150] —Order, Supreme Court, New York County (Joan Madden, J.), entered April 20, 1998, which, in an action for personal injuries arising out of an automobile accident, denied plaintiff's motion to restore the action to the trial calendar and granted defendant's cross motion to dismiss the action as abandoned pursuant to CPLR 3404, unanimously affirmed, without costs.

Plaintiff's counsel, who claims that he was never told by the court, and never received notice from his calendar service, that the case had been marked off the trial calendar at a pretrial conference at which plaintiff was directed to submit to a further medical examination, has failed to demonstrate a reasonable excuse in passively waiting for the announcement of a trial date for three and a half years without making any kind of inquiry as to the case's status (*see, Rodriguez v Hercules Chem. Co.*, 228 AD2d 319). Defendant's choice not to conduct a further medical examination of plaintiff within the court-ordered time frame, which was very early on in this three and a half-year period, does not excuse plaintiff's subsequent inordinate delay. There being no indication of any litigation activity in the case since the day after the pretrial conference, when plaintiff forwarded certain medical information to defendant in compliance with directives made at the conference, to plaintiff's making of the instant motion three and a half years later, the action was properly dismissed pursuant to CPLR 3404 (*see, 179 MacDougal Equities v North Realty Co.*, 232 AD2d 280). Concur—Rosenberger, J. P., Tom, Wallach and Mazzarelli, JJ.