■ RICHARD S. CAMPBELL et al., Appellants, v CRYSTAL REALTY ASSOCIATES LIMITED PARTNERSHIP et al., Respondents. CRYSTAL REALTY ASSOCIATES, Third-Party Plaintiff, v JAKE'S RESTAURANT, Third-Party Defendant. [716 NYS2d 288] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about May 18, 1999, which, upon reargument, denied plaintiffs' previously denied motion to restore their case to the trial calendar, unanimously affirmed, without costs.

Plaintiffs did not satisfy the requisites for restoring this ac-tion, deemed dismissed pursuant to CPLR 3404, to the trial calendar, since they failed to appropriately demonstrate (1) the merits of the case, none of the conflicting versions of the ac-cident submitted by plaintiffs would serve to impose liability on the owner of the premises or any other defendant, (2) a rea-sonable excuse for the delay, (3) the absence of an intent to abandon the matter, and (4) the lack of prejudice to defendants in the event that the case is restored (*see, Almanzar v Rye Ridge Realty Co.*, 249 AD2d 128, 129; *Montes v Manufacturers Hanover Trust Co.*, 197 AD2d 357, *lv dismissed* 83 NY2d 797). All four conditions must be satisfied for vacatur of a dismissal (*see, Todd Co. v Birnbaum*, 182 AD2d 505). The court properly found plaintiffs' affidavit of merits to be inadequate and there was no explanation from counsel as to why this case, com-menced in or about 1988, should have been restored when discovery had never been completed.

We have considered plaintiffs' remaining arguments and find

them to be unavailing. Concur—Nardelli, J. P., Ellerin, Wallach, Lerner and Friedman, JJ.