■ MARJORIE MADFIS, Appellant, v E.J. AUDI, INC., et al., Respondents. (And a Third-Party Action.) [720 NYS2d 143] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered March 31, 2000, which, *inter alia*, denied plaintiff's

motion to vacate the automatic dismissal of the action pursuant to CPLR 3404 and to restore the action to the calendar, unanimously affirmed, without costs.

Plaintiff fails to show a meritorious cause of action warranting vacatur of the CPLR 3404 dismissal and restoration of the action to the calendar (*see, Campbell v Crystal Realty Assocs. Ltd. Partnership*, 276 AD2d 328). Plaintiff alleges that she sustained a fractured nose when she was hit by a falling bed canopy as she watched employees of third-party defendants attempt to make repairs to the bed she had recently purchased from one of the defendants. However, plaintiff's conclusory assertions of injury are insufficient in the absence of evidence of medical treatment rendered to her for the alleged injury or of medical evidence that she sustained her injury on the date of the accident. Moreover, plaintiff's excuse for not appearing at the second compliance conference does not explain why her attorneys were not aware of the date since they attended an earlier compliance conference, at which time they stipulated to the date in question. Plaintiff's counsel similarly omit any explanation concerning their failure to inquire into the status of the case during the year it was marked off the calendar. Nor do they explain plaintiff's inordinate 10-month delay in moving to restore the action after receiving formal notice of its dismissal. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Lerner and Buckley, JJ.