■ DANIEL HAGEMAN, Appellant, v HOME DEPOT U.S.A., INC., Respondent. (And a Third-Party Action.) [808 NYS2d 763]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated June 28, 2004, as granted that branch of the defendant's renewed motion to vacate an order of the same court dated December 3, 2002, granting the plaintiff's motion to strike the defendant's answer upon the defendant's default in opposing the motion and, upon renewal, inter alia, vacated the order and reinstated the answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

To prevail on a motion to vacate, a defendant must demonstrate both a reasonable excuse for its default and a meritorious defense (*see Amato v Fast Repair, Inc.*, 15 AD3d 429, 430 [2005]; *Czarnik v Urban*, 10 AD3d 627 [2004]; *Taylor v Saal*, 4 AD3d 467 [2004]; *Searing v Anand*, 127 AD2d 582, 583 [1987]). The determination of what constitutes a reasonable excuse lies within the trial court's discretion (*see Grutman v Southgate At Bar Harbor Home Owners' Assn.*, 207 AD2d 526, 527 [1994]; *Perellie v Crimson's Rest.*, 108 AD2d 903 [1985]; *Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393 [2004]).

Under the circumstances of this case, the excuse of law office failure proffered by the defendant was reasonable (*see Norowitz v Ponconco, Inc.*, 96 AD2d 581 [1983]; *cf. Solovay v Paone Corp.*, 219 AD2d 462 [1995]) and was supported by detailed and credible submissions explaining the defendant's delays in responding to the plaintiff's discovery demands and in complying with court orders mandating discovery, as well as its failure to oppose the plaintiff's motion to strike its answer (*see Henry v Kuveke*, 9 AD3d 476, 479 [2004]; *Gironda v Katzen*, 19 AD3d 644, 645 [2005]). Although the defendant's defaults were more than isolated incidents, it cannot be said, based on the evidence presented, that they constituted a pattern of willful default and neglect (*see Gironda v Katzen, supra; cf. Santiago v New York City Health & Hosps. Corp., supra; Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]). Moreover, the record sufficiently established the existence of a possible meritorious defense (*see Brown v Brause Plaza, LLC*, 19 AD3d 626, 628-629 [2005]; *Castillo v Starrett City*, 4 AD3d 320, 321-322 [2004]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]). Accord-

ingly, the court providently exercised its discretion in granting the defendant's renewed motion and in vacating its prior order and reinstating the defendant's answer. H. Miller, J.P., Crane, Skelos and Dillon, JJ., concur.