■ Eduardo Herbstein et al., Respondents, v Diego Herbstein, Appellant. [843 NYS2d 560]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered May 1, 2006, which, insofar as appealed from, denied defendant's motion to vacate an order granting, on default, plaintiffs' motion pursuant to CPLR 3126 to strike defendant's answer, unanimously affirmed, without costs.

Defendant's motion to vacate was properly denied for lack of an affidavit from his former attorney explaining the attorney's failure to appear for argument of plaintiffs' CPLR 3126 motion or submit opposition thereto, or an affidavit from a physician substantiating the attorney's claimed medical problems and showing how they affected his ability to function as an attorney during the period in question (*see Solovay v Paone Corp.*, 219 AD2d 462, 463 [1995]; *cf. Weitzenberg v Nassau County Dept. of Recreation & Parks*, 29 AD3d 683, 684-685 [2006]; *219 E. 7th St. Hous. Dev. Fund Corp. v 324 E. 8th St. Hous. Dev. Fund Corp.*, 40 AD3d 293, 294-295 [2007]; *Embraer Fin. Ltd. v Servicios Aereos Profesionales, S.A.*, 42 AD3d 380 [2007]). We note that the argument of the CPLR 3126 motion was scheduled at the same time as a second compliance conference, the first compliance conference having been adjourned when defendant's former attorney failed to appear. Although defendant is a physician, his affidavit, setting forth his nontreatment based observations without specifying any particular disability or opining as to whether any condition was the cause of the attorney's neglect during the period in question, is insufficient. Nor does it avail defendant that plaintiffs' attorney concedes that defendant's former attorney suffered a stroke seven months after the default in issue. We have considered defendant's other contentions and find them unavailing. Concur—Lippman, P.J., Tom, Nardelli, Gonzalez and Kavanagh, JJ.