■ RAISA ROZINA et al., Appellants, v CASA 74TH DEVELOPMENT LLC et al., Respondents. [932 NYS2d 463]—

The option agreement did not violate the rule against remote vesting (EPTL 9-1.1 [b]). Although a closing date was not specified in either the option agreement or the offering plan, which was incorporated by reference and made part of the option agreement, the closing was to occur with or after the completion of several contingencies, all of which were to occur by January 2010. Nothing in the option agreement or the offering plan demonstrated an intention that the option be held open beyond the 21-year period in EPTL 9-1.1 (b). It must, therefore, be presumed that the parties intended that the option would be executed within that time (*see* EPTL 9-1.3; *see also Kaiser-Haidri v Battery Place Green, LLC*, 85 AD3d 730, 733 [2011]). Accordingly, the court properly granted that branch of defendants' motion for summary judgment dismissing plaintiffs' first through fourth causes of action.

Defendants, however, failed to make a prima facie showing of entitlement to judgment as a matter of law with respect to the ninth cause of action, since they never addressed in their moving papers whether there was any deviation in the unit. Accordingly, the motion should have been denied with respect to this claim, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Defendants could not cure the defect in their moving papers by submitting their architect's affidavit with their reply (*see Ford v Weishaus*, 86 AD3d 421, 422 [2011]). Concur—Saxe, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Román, JJ. **[Prior Case History: 29 Misc 3d 675.]**