■ THE PADDED WAGON, INC., Appellant, v ASSOCIATES COMMERCIAL CORPORATION et al., Defendants, and CITICAPITAL COMMERCIAL CORPORATION, Respondent. CITICAPITAL COMMERCIAL CORPORATION, Counterclaim-Plaintiff-Respondent, v THE PADDED WAGON, INC., et al., Counterclaim-Defendants-Appellants. [937 NYS2d 592]—

It is black letter law that "[a] party seeking to have a case restored to the trial calendar must demonstrate a meritorious cause of action, a reasonable excuse for the delay, a lack of intent to abandon the action and the absence of prejudice to the opposing party" (*Kamara v Ambert*, 89 AD3d 612, 613 [2011]). Furthermore "[a]ll four conditions must be satisfied" (*Campbell v Crystal Realty Assoc. Ltd. Partnership*, 276 AD2d 328, 328 [2000]).

Here, plaintiff failed to offer any excuse for passively waiting for a trial date and then first seeking relief more than three years after the dismissal for failure to appear (*see Spivey v Bouteureira*, 259 AD2d 425 [1999]). To the extent that plaintiff's excuse for the delay may be attributed to law office failure, it is unsubstantiated (*see Okun v Tanners*, 11 NY3d 762 [2008]). Plaintiff's attempt to demonstrate merit for the first time in its attorney's reply, unaccompanied by an affidavit from a person claiming knowledge of the facts, was insufficient (*see Rozina v Casa 74th Dev. LLC*, 89 AD3d 508 [2011]). Concur—Mazzarelli, J.P., Catterson, Renwick and Román, JJ.