■ LUTHER JOHNSON, Respondent, v CITY OF NEW YORK, Appellant, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [966 NYS2d 408]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered January 27, 2012, which, to the extent appealed from, granted plaintiff's motion to restore his case against the City of New York to the trial calendar and denied the City's cross motion to dismiss the complaint and all cross claims against it, unanimously reversed, on the law, without costs, the motion denied, and the cross motion granted. The Clerk is directed to enter judgment accordingly in favor of the City.

In January 2004, plaintiff allegedly slipped and fell. In his notice of claim, complaint and bill of particulars, plaintiff alleged that his fall occurred on the sidewalk or walkway in front of 1040 Soundview Avenue, in the Bronx, which is owned by defendant Housing Authority. The City is not liable for defective conditions in such a sidewalk (*see* Administrative Code of City of NY § 7-210). The Housing Authority's contention that plaintiff fell on the street, instead of the sidewalk, was raised in opposition to the City's cross motion to dismiss, some seven years after plaintiff's accident, based on deposition testimony given by the Housing Authority's witness three years after the accident. Until the Housing Authority raised this issue, plaintiff had not asserted that he fell anywhere but on the sidewalk, and plaintiff would now have to amend his notice of claim to assert this new theory. At this juncture, it is too late to do so (*see Scott v City of New York*, 40 AD3d 408 [1st Dept 2007]; *Lopez v City of New York*, 287 AD2d 694 [2d Dept 2001]). Accordingly, the City's motion to dismiss the complaint as to it should have been granted.

Dismissal of the Housing Authority's cross claims is also warranted because there is no scenario in which it will be entitled

to contribution or indemnification from the City in connection with plaintiff's accident; plaintiff either fell on the sidewalk, in which case the Housing Authority may be found liable for negligence, or he fell in the street, in which case the Housing Authority will not be liable (*see* Administrative Code of City of NY § 7-210).

Similarly, plaintiff's motion to restore his action to the trial calendar with respect to the City was incorrectly granted, since his affidavit of merits, asserting that he fell on the sidewalk abutting the defendant Housing Authority's building, failed to demonstrate a potentially meritorious claim against the City (*see Padded Wagon, Inc. v Associates Commercial Corp.*, 92 AD3d 430 [1st Dept 2012]; *Campbell v Crystal Realty Assoc. Ltd. Partnership*, 276 AD2d 328, 328 [1st Dept 2000]). Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Clark, JJ.