■ HELEN QUINN, Appellant, v CITY OF NEW YORK et al., Respondents. [978 NYS2d 682]—

By submitting evidence including the affidavit and attached area survey of its licensed surveyor, defendant River House made a prima facie showing of its entitlement to summary judgment by establishing that plaintiff's accident did not occur on or adjacent to its property (*see Gibbs v Port Auth. of N.Y.*, 17 AD3d 252, 254 [1st Dept 2005]; *Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296 [1st Dept 1988], *lv dismissed in part, denied in part* 73 NY2d 783 [1988]). Plaintiff's submissions in opposition to River House's motion did not suffice to raise a triable issue of fact that the accident occurred on or adjacent to River House's property.

As against defendant City of New York, plaintiff is restricted to prosecuting her claim based on her original theory that she fell on the sidewalk adjacent to River House's property, and precluded from asserting a new theory, not advanced in her notice of claim, complaint, or bill of particulars, that she fell on or adjacent to another property (*see Johnson v City of New York*, 106 AD3d 664, 664 [1st Dept 2013]). Since River House is a large, multi-unit condominium, the City is exempt from liability (*see* Administrative Code of City of NY § 7-210; *Johnson*, 106 AD3d at 664). Concur—Mazzarelli, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.