Rivera v City of New York (2022 NY Slip Op 06566)

Rivera v City of New York

2022 NY Slip Op 06566

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kapnick, J.P., Webber, Friedman, Gesmer, Singh, JJ. 

Index No. 160599/18 Appeal No. 16697 Case No. 2021-01830 

[*1]Carmen Rivera, Plaintiff-Appellant,
v
City of New York, Defendant, Acacia Gardens Housing Development Fund Company Inc. et al., Defendants-Respondents.

Parker Waichman LLP, Port Washington (Jay L.T. Breakstone of counsel), for appellant.
Winget, Spadafora & Schwartzberg, LLP, New York (Kenneth A. McLellan of counsel), for Lettire Construction Corp., respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered May 18, 2021, which, to the extent appealed from, granted defendant Acacia Gardens Housing Development Fund Company, Inc.'s motion for summary judgment dismissing the complaint as against it and searched the record to grant defendant Lettire Construction Corp. summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
In this action to recover damages for an injury resulting from a trip and fall that allegedly occurred on October 18, 2017, at approximately 9:30 p.m., on the "roadway" "in front of 413 East 120th Street," in Manhattan, plaintiff testified during her General Municipal Law § 50-h hearing that prior to stepping up onto the sidewalk, her leg twisted. After the incident, she looked down and observed a "dent" on the street, which she described as "not level."
The court correctly found that Acacia established prima facie entitlement to summary judgment based on plaintiff's 50-h testimony, as well as the affidavit of its senior project manager, which indicated that it had contracted with Lettire to construct an apartment building at its property located at 409 East 120th Street, which shared a common property line with 413 East 120th Street. At no time did Acacia create or cause to be created a temporary sidewalk at or near the subject premises or perform or cause to be performed any work in the roadway where plaintiff alleged that her accident occurred (see Johnson v City of New York, 106 AD3d 664, 664-665 [1st Dept 2013]). Defendants Promesa Inc., individually and doing business as Acacia Network and East Harlem Counsel for Community Improvements, Inc. joined in Acacia's arguments and moved for summary judgment dismissing the complaint as against them; plaintiff did not oppose their motion.
Plaintiff failed to raise a triable issue of fact in opposition. Plaintiff's argument as to any alleged special use of the subject roadway is based on speculation and conjecture, which is insufficient to defeat summary judgment (Smith v Johnson Prods. Co., 95 AD2d 675, 676, 676 [1st Dept 1983]). Plaintiff's argument that the motion is premature as depositions have not been held, without more, is unavailing. Plaintiff failed to demonstrate that facts essential to justify opposition to the motion may lie within the movants' exclusive knowledge or control (see Barreto v City of New York, 194 AD3d 563, 563-564 [1st Dept 2021]). The court was further empowered to search the record
and grant summary relief to Lettire (CPLR 3212[b]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022