■ DAVID H. BUCHANAN et al., Respondents, v. PETER S. CARDOZO, Appellant.— In an action to recover damages for trespass, negligence and nuisance; to enjoin defendant from continuing the acts complained of, and to direct him to abate and remove the nuisance, the defendant appeals from an order of the Supreme Court, Westchester County, entered March 9, 1965, which granted plaintiffs' motion for summary judgment on their first cause of action based upon trespass and on their third cause of action based upon nuisance; directed an assessment of damages accordingly; enjoined defendant from continuance of the acts complained of and directed him to abate and remove the nuisance; directed that, within 30 days, he shall remove the debris on plaintiffs' land and construct his wall in safe condition and further directed that he shall maintain his wall in such condition; and severed the second cause of action. Order modified on the law as follows: (1) by amending the first three decretal paragraphs so as to provide that plaintiffs' motion for summary judgment is granted as to the third cause of action based upon nuisance and denied as to the first cause of action based upon trespass; so as to direct that plaintiffs have judgment against defendant on such third cause of action only; and so as to direct that the assessment of damages be had with respect to such third cause of action only; and (2) by amending the last decretal paragraph so as to provide that the first and second causes of action are severed and that such causes of action shall continue as though judgment had not been granted upon the third cause of action. As so modified, order affirmed, without costs; and action remitted to the Special Term for the assessment of damages accordingly and for the entry of an appropriate judgment in accordance herewith. Defendant's time to remove the debris from plaintiffs' property and to construct the wall in a safe condition is extended until 40 days after entry of the order hereon. Plaintiffs and defendant are adjoining owners of residential parcels of real property. When defendant took title to his property in July, 1963, a high stone retaining wall consisting of large boulders stood on the rear of his parcel which abutted on part of the northern boundary of plaintiffs' parcel. The stone retaining wall extends along the rear of defendant's parcel and continues beyond defendant's eastern boundary for the greater part of plaintiffs' northern boundary. In November, 1963 a part of defendant's retaining wall collapsed causing large boulders to fall upon and damage plaintiffs' land. Thereafter, another part of the wall again collapsed. Temporary shorings were erected by the Village of Scarsdale on plaintiffs' land to prevent the further collapse of the wall. In June, 1964 defendant commenced an action against a construction company and others to recover damages because of the wall's collapse. Defendant refused to repair the wall or to remove the debris from plaintiffs' property. In July, 1964 plaintiffs commenced the action at bar against defendant alleging three causes of action, the first for trespass, the second for negligence and the third for nuisance. Plaintiffs demanded damages for each cause of action and, on the third cause of action, equitable relief requiring defendant to abate the nuisance. Plaintiffs' motion for summary judgment on the causes of action for trespass and nuisance was granted. Special Term held that the presence of the debris on plaintiffs' land constitutes a continuing trespass and that such trespass, together with the condition of the wall remaining, constitutes a nuisance. Among other things, defendant was directed to remove the debris from plaintiffs' land, to repair his wall and to maintain it in a safe condition. In our opinion, the proof before Special Term wholly failed to show a voluntary, affirmative act by the defendant which directly caused the collapse of the retaining wall on

plaintiffs' land (see *Phillips* v. *Sun Oil Co.*, 307 N. Y. 328; 1 Restatement, Torts, §§ 158, 166). Nor can the presence of the debris on plaintiffs' land be said to be a continuing trespass, since its initial entry was not a trespass and since it was not placed thereon pursuant to a license or other privilege which the plaintiffs had thereafter terminated (1 Restatement, Torts, §§ 160, 161). However, the proof before Special Term showed that the present dangerous condition of the wall creates a risk of future, substantial damage to plaintiffs' property which amounts to a present serious interference with plaintiffs' enjoyment of their land and therefore constitutes a nuisance (Prosser, Torts [2d ed.], § 70; 1 Am. Jur. 2d, Adjoining Landowners, § 17). Thus, in our opinion, the Special Term's order should be upheld insofar as it granted summary judgment with respect to the third cause of action, directed defendant to remove the debris and to construct and maintain his wall in a safe condition, and directed an assessment of damages upon such cause of action. Ughetta, Christ, Brennan and Hopkins, JJ., concur; Beldock, P. J., dissents as to the modification with respect to the first cause of action for trespass, and votes to affirm the order *in toto* with the following memorandum: Even assuming that the first collapse of defendant's wall did not constitute a trespass on plaintiffs' property because it was not a willful act or a negligent act which amounted to willfulness, the first collapse put defendant on notice that the wall was weak. The failure to prevent the second collapse after such notice was, in my opinion, a negligent act such as to amount to willfulness sufficient to support the first cause of action for trespass (*Phillips* v. *Sun Oil Co.*, 307 N. Y. 328, 331). The court is of the unanimous opinion that defendant has the duty of removal from plaintiffs' land of the debris caused by the collapse of the wall. Under these circumstances, it is my opinion that allowing the debris to remain on plaintiffs' land from the time of the first collapse was a continuing trespass (Prosser, Torts [2d ed.], p. 54).