■ VALERY FOSTER et al., Appellants, v THOMAS GHERARDI et al., Respondents. [608 NYS2d 289] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Ingrassia, J.), entered July 29, 1991, which, after a hearing, denied their motion to vacate the dismissal of their complaint based upon their default in appearing at the trial.

Ordered that the order is affirmed, without costs or disbursements.

On the record before us, the Supreme Court did not improvidently exercise its discretion in dismissing the action based on counsel's failure to appear for trial on the scheduled date.

On February 19, 1982, the plaintiff Valery Foster sustained physical injuries when in an attempt to escape a criminal arrest, he jumped out of a second floor window. On or about April 5, 1983, the injured plaintiff and his wife commenced the instant personal injury action against individual police officers who were involved, as well as the City of Mount Vernon. On May 12, 1983, issue was joined by the defendants' service of an answer. On or about January 6, 1988, the defense counsel served the plaintiff with a 90-day notice pursuant to CPLR 3216, to resume prosecution and file note of issue. A note of issue was filed after discovery was completed.

Thereafter, by letter dated October 18, 1990, Justice Ingrassia notified the plaintiffs' attorneys that a special calendar call was to be conducted on November 14, 1990, for the oldest cases on the calendar. On that date, January 31, 1991, was set as the date for jury selection. The attorneys were specifically advised there would be no adjournments for any reason. On January 31, 1991, the plaintiff's attorney of record failed to appear, never advising the court or the adversary of any need for an adjournment, and instead sent an outside attorney on his behalf only to obtain an adjournment. That attorney orally

informed the court that the plaintiffs' attorney of record was engaged in another trial. However, he offered no affidavit to that effect, and was unable to furnish any information as to the whereabouts of any of the three attorneys in the plaintiffs' attorneys' firm (see, 22 NYCRR 125.1 [g]; *Ford v Village of Croton-on-Hudson*, 140 AD2d 666). The court's refusal to grant an adjournment was not an improvident exercise of discretion and the court's subsequent refusal to vacate the dismissal was also proper (see, CPLR 5015 [a] [1]; *Clarke v New Rochelle Hosp. Med. Ctr.*, 149 AD2d 559; *Ford v Village of Croton-on-Hudson, supra; Romer v Middletown School Dist.*, 137 Misc 2d 46). Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.