■ In the Matter of the Estate of ARMENAK AJAMIAN, Deceased. ALICE AJAMIAN, as Administratrix of the Estate of ARMENAK AJAMIAN, Deceased, Respondent; ROBERT AJAMIAN et al., Appellants, and TROY SAVINGS BANK et al., Respondents. [639 NYS2d 540] —Spain, J.

Decedent, Armenak Ajamian, died on June 25, 1991 leaving no last will and testament. Letters of administration were issued to petitioner by Surrogate's Court on September 11, 1992. Subsequently, petitioner commenced this proceeding to have three retirement accounts of the decedent turned over to the estate. Respondents Roger Ajamian and Robert Ajamian (hereinafter respondents) opposed turning over of the retirement accounts and counterclaimed to have the estate turn over two separate nonretirement accounts of decedent to them. In counterclaims served on November 29, 1993, respondents claimed that these two accounts had been irrevocably given to them by decedent, their father, in the form of Uniform Gift to Minors accounts. Petitioner failed to reply to these counterclaims and respondents moved for a default judgment in September 1994. Surrogate's Court denied this motion and directed petitioner to serve her reply within 30 days of the court's decision. Respondents now appeal.

We affirm. Contrary to respondents' assertions on appeal, we find that Surrogate's Court did not abuse its discretion by deny-

ing respondents' motion for a default judgment on their counterclaims. As excuse for the delay, petitioner's attorney averred that, although a reply to the counterclaims was duly prepared for mailing in December 1993, it was instead placed in petitioner's file through a clerical error that was only discovered after respondents' motion papers were served. Under the circumstances, we find no reason to disturb the court's determination that petitioner demonstrated a reasonable excuse for her default, namely, law office failure (CPLR 2005; *see, Busa v Busa*, 196 AD2d 267, 269; *Lopez v City of New York*, 179 AD2d 388, 389). Moreover, we conclude, as did Surrogate's Court, that the verified pleadings in the record sufficiently fulfilled petitioner's obligation to present a meritorious defense to the counterclaims (*see, Matter of Waite v Whalen*, 215 AD2d 922, 924; *cf., West Shore Bldrs. v Staller*, 221 AD2d 881; *Iovine v Caldwell*, 215 AD2d 977, 978).

Mercure, J. P., White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.