■ DONALD BOOTH, Appellant, v HAWK CONTRACTORS, INC., Defendant and RIGID ELECTRICAL CONTRACTING CORP. et al., Respondents. (And a Third-Party Action.) [686 NYS2d 770] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered December 8, 1997, as denied his motion to restore the action to the calendar after it had been dismissed upon the default of his attorney in appearing at a trial readiness conference.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 3, 1993, the Supreme Court signed an order which, *inter alia,* directed the entry of a default judgment against two of the three defendants in this action, and directed an inquest to assess damages. On April 24, 1995, the Supreme Court issued a preliminary conference order which directed, among other things, that the plaintiff's examination before trial be held on July 19, 1995. At compliance conferences held on September 20, 1995, and December 13, 1995, the parties reported that the examinations before trial had not been conducted. The court directed the examinations before trial to take place by February 15, 1996, and the plaintiff's physical examination to take place in March. On April 16, 1996, the parties reported once again that the depositions had not been conducted. The court scheduled a trial readiness conference for September 4, 1996, and directed that all discovery be completed by that date. On September 4, 1996, the plaintiff's counsel failed to appear at the scheduled time of the trial readiness conference, at which time the court was advised that discovery

had not been completed, and the court dismissed the action (*see,* 22 NYCRR 202.27 [b]).

In moving to vacate the order dismissing the action, the plaintiff failed to show a reasonable excuse for his failure to comply with discovery and his failure to announce his readiness for inquest. Therefore, the court providently exercised its discretion in refusing to vacate the dismissal (*see,* CPLR 5015 [a] [1]; *Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities,* 70 NY2d 831; *Barasch v Micucci,* 49 NY2d 594; *Foster v Gherardi,* 201 AD2d 701). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.