■ NINA KANDEL, Appellant, v SAUL HOFFMAN et al., Respondents. [766 NYS2d 115] —In an action to recover damages for medical malpractice, the plaintiff appeals from (1) a judgment of the Supreme Court, Nassau County (Roberto, J.), dated September 9, 2002, which, upon an order of the same court entered November 20, 2001, inter alia, granting the defendants' motion to dismiss the complaint upon her default in failing to proceed with trial or to comply with disclosure as directed by the Supreme Court, dismissed the complaint, and (2) an order of the same court dated April 2, 2003, which denied her separate motions to vacate the order granting the motion to dismiss the complaint and the judgment entered thereon, and to restore the action to the calendar.

Ordered that the appeal from the judgment is dismissed, as no appeal lies from a judgment entered upon the default of the appealing party (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

An action dismissed pursuant to 22 NYCRR 202.27 may be restored only if the plaintiff demonstrates both a reasonable excuse for the default and a meritorious cause of action (*see Precision Envelope Co. v Marcus & Co.,* 306 AD2d 263, 264 [2003]; *Basetti v Nour,* 287 AD2d 126, 134 [2001]; *Lopez v Imperial Delivery Serv.,* 282 AD2d 190, 197 [2001]; *cf. Davis v Maldonado,* 307 AD2d 948 [2003]; *Reices v Catholic Med. Ctr. of Brooklyn & Queens,* 306 AD2d 394 [2003]). The plaintiff failed to offer a reasonable explanation for her repeated failure to proceed with the trial or to comply with disclosure (*see Campenni v Ridgecroft Estates Owners,* 261 AD2d 496, 497 [1999]; *Booth v Hawk Contrs.,* 259 AD2d 577, 578 [1999]; *Van Kleeck v Horton Mem. Hosp.,* 251 AD2d 494 [1998]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate the order granting the motion to dismiss the complaint and the judgment entered thereon upon her default, and to restore the case to the calendar. Ritter, J.P., Smith, Friedmann, H. Miller and Crane, JJ., concur.