■ Harriet Beizer, Appellant, v Robert Funk et al., Respondents. [774 NYS2d 781]—

In an action to recover damages for injury to property, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated January 24, 2003, as granted the separate motions of the defendant Robert Funk and the defendants N. Dov Schwartzben and Jill Schwartzben for leave to enter a default judgment on their respective counter-

claims and directed dismissal of the complaint as frivolous pursuant to CPLR 8303-a and 22 NYCRR 130.1.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the motions are denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the merits.

In order to successfully oppose a motion for leave to enter a default judgment based upon the plaintiff's failure to serve a reply to a counterclaim, a plaintiff must establish a reasonable excuse for the delay and demonstrate a meritorious defense (*see Bensimon v Fishman*, 242 AD2d 551 [1997]). It is generally left to the sound discretion of the Supreme Court to determine what constitutes a reasonable excuse (*see Scarlett v McCarthy*, 2 AD3d 623 [2003]) and a meritorious defense (*see Fidelity & Deposit Co. of Md. v Andersen & Co.*, 60 NY2d 693, 695 [1983]). Here, the Supreme Court improvidently exercised its discretion in granting leave to the defendants to enter a default judgment in the face of the plaintiff's opposition.

The plaintiff proffered an excuse of law office failure (*see* CPLR 2005) and referenced her verified complaint to demonstrate a meritorious defense (*see* CPLR 105 [u]; *Salch v Paratore*, 60 NY2d 851 [1983]; *Matter of Ajamian*, 225 AD2d 992 [1996]). Where, as here, there is no evidence of willfulness, deliberate default, or prejudice to the defendants, the interest of justice is best served by permitting the case to be decided on its merits (*see Photovision Intl. v Thayer*, 235 AD2d 467 [1997]; *Matter of Ajamian, supra*).

Furthermore, since neither CPLR 8303-a nor 22 NYCRR 130-1.1 provide an independent basis to dismiss a complaint, the Supreme Court erred in granting this relief. Accordingly, we reinstate the complaint. Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.