■ PETER NG-A KEIN et al., Appellants, v VICTORIEN ZENO, Respondent. [806 NYS2d 65]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 16, 2004, as denied that branch of their motion, which was, in effect, to vacate a prior order of the same court entered August 2, 2004, dismissing the action pursuant to 22 NYCRR 202.27 (b).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court initially dismissed this action in an order dated March 16, 2004, based upon the plaintiffs' failure to appear at a court-ordered compliance conference. Upon the plaintiffs' motion, the Supreme Court restored the action to the calendar, conditioned on counsel's payment of a $250 sanction, and scheduled a trial readiness conference for July 29, 2004. The defendant appeared at the trial readiness conference, but the plaintiffs again failed to appear. Accordingly, the Supreme Court dismissed the action pursuant to 22 NYCRR 202.27 (b) in an order entered August 2, 2004, and subsequently denied the plaintiffs' motion, inter alia, in effect, to vacate the order entered August 2, 2004.

To vacate the order entered August 2, 2004, the plaintiffs were required to demonstrate both a reasonable excuse for their default in appearing at the trial readiness conference and a meritorious cause of action (see CPLR 5015 [a] [1]; Echevarria v Waters, 8 AD3d 330 [2004]; Kandel v Hoffman, 309 AD2d 904, 905 [2003]; Precision Envelope Co. v Marcus & Co., 306 AD2d 263, 264 [2003]). The plaintiffs failed to demonstrate either. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was, in effect, to vacate the order entered August 2, 2004.

The plaintiffs' remaining contentions are either not properly before this Court or without merit. H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.