■ LORIMER P. BROOKS, Appellant, v HAROLD HAIDT et al., Respondents. [815 NYS2d 735]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Dillon, J.), entered June 22, 2005, as denied his motion to vacate an order of the same court dated April 4, 2005, directing dismissal of the complaint, to restore the action to the calendar and, pursuant to 22 NYCRR 130-1.1, to impose a sanction against the defendant Harold Haidt.

Ordered that the order is affirmed insofar as appealed from, with costs.

An action dismissed pursuant to 22 NYCRR 202.27 may be restored only if the plaintiff demonstrates both a reasonable excuse for the default and a meritorious cause of action (*see Kein v Zeno*, 23 AD3d 351 [2005]; *Kandel v Hoffman*, 309 AD2d 904 [2003]; *Precision Envelope Co. v Marcus & Co.*, 306 AD2d 263, 264 [2003]; *Booth v Hawk Contrs.*, 259 AD2d 577 [1999]). The plaintiff failed to demonstrate a reasonable explanation for his failure to appear for a court conference or to comply with court-ordered discovery (*see Kingston v Brookdale Hosp. & Med. Ctr.*, 4 AD3d 397, 398 [2004]; *Kandel v Hoffman, supra*). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to vacate the order directing dismissal of the complaint and to restore the action to the calendar.

Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to impose a sanction upon the defendant Harold Haidt pursuant to 22 NYCRR 130-1.1. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.