■ NASSIM WHITE, Respondent, v INCORPORATED VILLAGE OF HEMPSTEAD, Appellant. [838 NYS2d 607]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated August 1, 2006, as granted that branch of the plaintiff's motion which was to vacate an order of the same court dated January

18, 2006, granting its motion for summary judgment dismissing the complaint and, upon granting that branch of the plaintiff's motion, denied its motion for summary judgment dismissing the complaint.

Ordered that the order dated August 1, 2006 is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting the plaintiff's motion to vacate his default. A party seeking to vacate an order entered upon his or her default is required to demonstrate, through the submission of supporting facts in evidentiary form, both a reasonable excuse for the default and the existence of a meritorious cause of action or defense (*see Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760, 761 [2006]; *Matter of Zrake v New York City Dept. of Educ.*, 17 AD3d 603 [2005]; *Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d 553, 554 [2001]). The determination whether to vacate a default is generally left to the sound discretion of the motion court, and will not be disturbed if the record supports such determination (*see Hegarty v Ballee*, 18 AD3d 706 [2005]; *Beizer v Funk*, 5 AD3d 619 [2004]). Here, the plaintiff's excuse of law office failure was reasonable (*see* CPLR 2005; *Hageman v Home Depot U.S.A., Inc., supra; Liotti v Peace*, 15 AD3d 452, 453 [2005]). Moreover, there was no evidence that the plaintiff intended to abandon the action, that his default was willful, or that the defendant, Incorporated Village of Hempstead, was prejudiced (*see Beizer v Funk*, 5 AD3d 619 [2004]; *Burgess v Brooklyn Jewish Hosp.*, 272 AD2d 285 [2000]; *Photovision Intl. v Thayer*, 235 AD2d 467 [1997]). In addition, the plaintiff established that he has a meritorious cause of action.

Upon vacatur of the order dated January 18, 2006 granting the defendant's motion for summary judgment dismissing the complaint upon the plaintiff's default in opposing the motion, the Supreme Court properly denied the motion. With respect to its contention that the plaintiff was required to provide it with prior written notice of the allegedly defective playground equipment, the Village failed to establish its prima facie entitlement to judgment as a matter of law. Although the Code of the Village of Hempstead § 39-1 (B) purports to require, as a condition precedent to the commencement of a tort action, that the Village be provided with prior written notice of "a playground or playground equipment . . . being defective, out of repair, unsafe, dangerous or obstructed," General Municipal Law § 50-e (4) prohibits a village from requiring prior written notice of defects at municipal locations other than streets, highways, bridges, culverts, sidewalks, or crosswalks (*see* General Municipal Law

§ 50-e [4]; CPLR 9801 [1]; 9804; Village Law § 6-628; *Walker v Town of Hempstead*, 84 NY2d 360, 367-368 [1994]; *cf.* Town Law § 67). To the extent that the Village established its entitlement to judgment as a matter of law by proof that it did not have actual or constructive notice of the allegedly defective playground equipment, and that it did not create that condition, the plaintiff raised a triable issue of fact as to whether the Village created the condition that caused his injury (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Ferreira v County of Orange*, 34 AD3d 724 [2006]; *Augustine v Town of Islip*, 28 AD3d 503 [2006]; *cf. Brown v Outback Steakhouse*, 39 AD3d 450 [2007]).

The parties' remaining contentions are without merit. Miller, J.P., Mastro, Dillon and McCarthy, JJ., concur.