■ Bruce Francis, Respondent, v Long Island College Hospital et al., Appellants, et al., Defendants. [844 NYS2d 721]— In an action, inter alia, to recover damages for medical malpractice, the defendants Long Island College Hospital and Ivan Grunberger appeal, and the defendant C. Chee separately appeals, from an order of the Supreme Court, Kings County

(Ruditzky, J.), dated February 10, 2007, which granted the plaintiff's motion to vacate his default in failing to appear for a scheduled court conference and to restore the case to the calendar.

Ordered that the order is reversed, on the law and in the exercise of discretion, with one bill of costs, and the plaintiff's motion is denied.

In order to vacate his default in appearing on a scheduled conference date, the plaintiff was required to demonstrate both a reasonable excuse for his failure to appear and a meritorious cause of action (*see McClaren v Bell Atl.,* 30 AD3d 569 [2006]; *Kein v Zeno,* 23 AD3d 351 [2005]; *Rubenbauer v Mekelburg,* 22 AD3d 826, 827 [2005]). The excuse tendered by the plaintiff's attorney was unreasonable under the circumstances of this case, and thus we do not reach the question of the plaintiff's demonstration of merit. Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to vacate his default. Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.