■ MADELYN VASQUEZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [859 NYS2d 195]—

In an action to recover damages for personal injuries and wrongful death, the defendant appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated May 8, 2007, which granted the plaintiff's motion to vacate her default in appearing at a scheduled court conference and to restore the action to the calendar.

Ordered that the order is affirmed, with costs.

In order to vacate her default in appearing at a scheduled court conference, the plaintiff was required to demonstrate both a reasonable excuse for her failure to appear and a meritorious cause of action (*see Francis v Long Is. Coll. Hosp.,* 45 AD3d 529 [2007]; *McClaren v Bell Atl.,* 30 AD3d 569 [2006]; *Kein v Zeno,* 23 AD3d 351 [2005]). What constitutes a reasonable excuse for a default lies within the sound discretion of the trial court (*see Hegarty v Ballee,* 18 AD3d 706 [2005]; *Beizer v Funk,* 5 AD3d 619 [2004]), and in exercising this discretion the trial court may accept law office failure as a reasonable excuse (*see* CPLR 2005; *White v Incorporated Vil. of Hempstead,* 41 AD3d 709 [2007]). Here, the Supreme Court providently exercised its discretion in accepting the plaintiff's explanation for her default in appearing at a scheduled court conference with substitute counsel. Moreover, there was no evidence that the plaintiff intended to abandon the action, that the default was willful, or that the appellant was prejudiced (*see White v Incorporated Vil. of Hempstead,* 41 AD3d 709 [2007]; *Beizer v Funk,* 5 AD3d 619 [2004]). Further, the Supreme Court correctly concluded that the plaintiff demonstrated a meritorious cause of action.

Therefore, the Supreme Court properly granted the plaintiff's motion to vacate her default in appearing at a scheduled court conference and to restore the action to the calendar. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.