■ PATRICIA NOWELL et al., Appellants, v NYU MEDICAL CENTER et al., Respondents, et al., Defendants. [865 NYS2d 309]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiffs appeal from an order of the Supreme Court, Kings County (Rosenberg, J.), dated October 18, 2007, which denied their motion pursuant to CPLR 5015 (a) (1) to vacate a prior order of the same court dated May 15, 2007, granting that branch of the unopposed motion of the defendants NYU Medical Center, Thomas Diflo, and Peter Schlossberg which was to dismiss the complaint insofar as asserted against them, among other things, for failure to comply with discovery.

Ordered that the order dated October 18, 2007 is affirmed, with costs.

"A party seeking to vacate an order entered upon his or her default is required to demonstrate, through the submission of supporting facts in evidentiary form, both a reasonable excuse for the default and the existence of a meritorious cause of action" (*White v Incorporated Vil. of Hempstead*, 41 AD3d 709, 710 [2007]). Moreover, "[t]he determination of whether to vacate a default is generally left to the sound discretion of the

motion court, and will not be disturbed if the record supports such determination" (*id.*; *see SS Constantine & Helen's Romanian Orthodox Church of Am. v Z. Zindel, Inc.*, 44 AD3d 744 [2007]; *Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760 [2006]). Here, the plaintiffs failed to present a reasonable and acceptable excuse for their failure to submit opposition papers on the return date of the motion to dismiss (*see e.g. Nurse v Figeroux & Assoc.*, 47 AD3d 778 [2008]; *Francis v Long Is. Coll. Hosp.*, 45 AD3d 529 [2007]; *Solomon v Ramlall*, 18 AD3d 461 [2005]; *Kandel v Hoffman*, 309 AD2d 904 [2003]) and to comply with court-ordered expert witness disclosure pursuant to CPLR 3101 (d) (*see Raciti v Sands Point Nursing Home*, 54 AD3d 1014 [2008]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389 [2008]). Similarly, the affidavit of the plaintiffs' medical expert was woefully inadequate to establish the existence of a meritorious claim, as it failed to specify the acceptable standard of medical care, any deviation therefrom in the medical care rendered to the decedent, and any causal connection between that care and the decedent's death (*see e.g. Bollino v Hitzig*, 34 AD3d 711 [2006]). Accordingly, the Supreme Court providently exercised its broad discretion in denying the plaintiffs' motion to vacate their default.

The plaintiffs' remaining contention is without merit. Mastro, J.P., Lifson, Carni and Eng, JJ., concur.