■ EDWARD DAVIDSON et al., Respondents, v DANNY VALENTIN et al., Appellants. [886 NYS2d 425]—

In an action, inter alia, for injunctive relief to abate a private nuisance and to recover damages for private nuisance, the defendants appeal from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered September 8, 2008, which denied their motion to vacate a judgment of the same court entered February 28, 2008, upon their default in appearing at the trial, and after an inquest on the issue of damages, in favor of the plaintiffs and against them.

Ordered that the order is affirmed, with costs.

On October 26, 2007 a stipulation was "so-ordered," in which the parties consented to the entry of a judgment in favor of the plaintiffs on their first cause of action, inter alia, to direct the defendants to repair or replace a retaining wall on the defendants' property in compliance with the terms of an access agreement executed by the parties on the same date. The stipulation provided that if the defendants failed to comply with the terms of the judgment, the parties would place the remaining causes of action on the trial calendar. After the defendants failed to timely comply with the terms of the judgment, the plaintiffs placed the remaining causes of action on the trial calendar. Thereafter, the defendants obtained multiple adjournments of the trial date in an effort to comply with the terms of the access agreement. When the defendants' attorney failed to appear for trial on the third adjourned date of January 28, 2008, the court held an inquest on the issue of damages and entered a judgment in favor of the plaintiffs on February 28, 2008. On April 23, 2008 the defendants moved to vacate the judgment.

To vacate their default in appearing at the trial, the defendants were required to demonstrate both a reasonable excuse for the default and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Zaidi v New York Bldg. Contrs., Ltd.,* 61 AD3d 747 [2009]; *Vasquez v New York City Hous. Auth.,* 51 AD3d 781, 782 [2008]; *Conserve Elec., Inc. v Tulger Contr. Corp.,* 36 AD3d 747

[2007]). Although the court may, in its discretion, accept law office failure as a reasonable excuse (*see* CPLR 2005; *Putney v Pearlman,* 203 AD2d 333 [1994]), " 'a pattern of willful default and neglect' should not be excused" (*Roussodimou v Zafiriadis,* 238 AD2d 568, 569 [1997], quoting *Gannon v Johnson Scale Co.,* 189 AD2d 1052, 1052 [1993]). The statements by the defendants' attorney regarding his personal problems did not adequately explain the defendants' failure to comply with the time and terms of the court-ordered stipulation, judgment, and access agreement dated October 26, 2007, and to comply with those terms during the subsequent extensions of those deadlines, and defense counsel's failure to appear on the adjourned trial date even though he knew his attempts to further adjourn the trial had been unsuccessful (*see Joseph v GMAC Leasing Corp.,* 44 AD3d 905 [2007]; *Wechsler v First Unum Life Ins. Co.,* 295 AD2d 340 [2002]; *Foster v Gherardi,* 201 AD2d 701 [1994]). Furthermore, the defendants failed to demonstrate that they have a meritorious defense (*see Buchanan v Cardozo,* 24 AD2d 620, 621 [1965], *affd in part and dismissed in part* 16 NY2d 1029 [1965]). Accordingly, the defendants' motion was properly denied. Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.