■ WENDY CHU et al., Plaintiffs, v CALVIN Q. PAN et al., Defendants/Third-Party Plaintiffs-Respondents. CONSTRUCTION CONTRACTORS, LLC, Third-Party Defendant; 1ST CLASS WRECKING CORP., Third-Party Defendant-Appellant. (And Another Title.) [898 NYS2d 862]—

In an action, inter alia, to recover damages for injury to property and for trespass, in which a judgment was entered on February 1, 2008, in favor of the defendants/third-party plaintiffs and against the third-party defendant 1st Class Wrecking Corp., in the principal sum of $195,000 upon its failure to appear for trial, the third-party defendant 1st Class Wrecking Corp. appeals from (1) an order of the Supreme Court, Queens County (Rosengarten, J.), dated February 19, 2009, (2) an order of the same court dated April 13, 2009, which denied its motion to vacate the judgment, and (3) so much of an order of the same court dated October 5, 2009, as denied that branch of its motion which was pursuant to CPLR 5015 to vacate the judgment.

Ordered that the appeal from the order dated February 19, 2009, is dismissed as abandoned; and it is further,

Ordered that the order dated April 13, 2009, is affirmed; and it is further,

Ordered that the order dated October 5, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants third-party plaintiffs.

The third-party defendant 1st Class Wrecking Corp. (hereinafter 1st Class) failed to set forth a reasonable excuse for its failure to appear at trial or a meritorious defense to the third-party action. Thus, the Supreme Court did not improvidently exercise its discretion in denying the motion by 1st Class to vacate the judgment against it and in favor of the defendants third-party plaintiffs in the third-party action (see CPLR 5015 [a] [1]; White v Incorporated Vil. of Hempstead, 41 AD3d 709, 710 [2007]; Mjahdi v Maguire, 21 AD3d 1067 [2005]; Hegarty v Ballee, 18 AD3d 706 [2005]). Although 1st Class entered into a pretrial settlement with the plaintiffs in the main action, that settlement was obtained without the consent of the defendants/third-party plaintiffs (hereinafter collectively Pan). Moreover, Pan did not release 1st Class from any liability in the third-party action. Since Pan sought indemnification from 1st Class in the third-party action, and, as 1st Class correctly concedes, General Obligations Law § 15-108 does not preclude indemnification claims, it was not reasonable for 1st Class to choose not

to appear at trial (*see* CPLR 5015 [a] [1]; *Nowell v NYU Med. Ctr.*, 55 AD3d 573 [2008]; *Francis v Long Is. Coll. Hosp.*, 45 AD3d 529 [2007]). Further, 1st Class failed to set forth a meritorious defense to the third-party action. As the owner of the property upon which the excavation work occurred, Pan is vicariously liable to the plaintiffs for torts committed by 1st Class, the subcontractor that performed the excavation work. The potential liability of 1st Class to Pan is grounded in this implied indemnification (*see Rogers v Dorchester Assoc.*, 32 NY2d 553, 562-563 [1973]). Therefore, the pretrial settlement with the plaintiffs does not require dismissal of the third-party action pursuant to General Obligations Law § 15-108 (*see Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643, 645-646 [1988]; *Rosado v Proctor & Schwartz*, 66 NY2d 21, 24 [1985]; *Brazell v Wells Fargo Home Mtge., Inc.*, 42 AD3d 409, 410 [2007]).

Since 1st Class raises no argument in its briefs regarding its appeal from the order dated February 19, 2009, we must dismiss its appeal from that order as abandoned (*see Matter of Level 3 Communications, LLC v DeBellis*, 72 AD3d 164, 180-181 [2010]; *Cambry v Lincoln Gardens*, 50 AD3d 1081, 1084 [2008]; *Ellner v Schwed*, 48 AD3d 739 [2008]; *DiCarlo v City of New York*, 286 AD2d 363, 365 [2001]).

The remaining contentions of 1st Class are without merit. Fisher, J.P., Leventhal, Belen and Sgroi, JJ., concur.