*670 In an action, inter alia, for a judgment declaring the parties’ rights and obligations under a residential lease, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), entered June 20, 2012, which denied her motion, in effect, to vacate the dismissal of the action and to restore the action to the trial calendar.
Ordered that the order is affirmed, without costs or disbursements.
On June 17, 2009, the action was dismissed after the parties failed to appear in the Trial Scheduling Part.
To vacate the dismissal of the action and to restore it to the trial calendar, the plaintiff was required to demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]; Schmitt v Jeyalingam, 71 AD3d 757 [2010]; Davidson v Valentin, 65 AD3d 1075 [2009]).
The default cannot be excused based on the plaintiffs bare allegations of law office failure on the part of her prior attorney (see Vardaros v Zapas, 105 AD3d 1037, 1038 [2013]; Bazoyah v Herschitz, 79 AD3d 1081, 1082 [2010]; Kolajo v City of New York, 248 AD2d 512 [1998]). Here, in support of her motion, the plaintiff failed to explain why she waited 2% years after the dismissal of this action and the subsequent commencement of a holdover proceeding in the Civil Court of the City of New York, Queens County, to move to restore the action to the trial calendar (cf. Smyth v Getty Petroleum Mktg., Inc., 103 AD3d 790 [2013]; Deutsche Bank Natl. Trust Co. v Luden, 91 AD3d 701 [2012]; Wagner v 119 Metro, LLC, 59 AD3d 531, 533 [2009]; Hageman v Home Depot U.S.A., Inc., 25 AD3d 760, 761 [2006]).
The plaintiff also failed to demonstrate a potentially meritorious cause of action (see Frey v Chiou, 94 AD3d 810, 811 [2012]; Davidson v Valentin, 65 AD3d 1075 [2009]).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs motion, in effect, to vacate the dismissal of the action and to restore the action to the trial calendar.
Rivera, J.P, Dickerson, Chambers, Hinds-Radix and Maltese, JJ., concur.