■ YONG U LEE, Appellant, v HUAN WEN ZHANG et al., Respondents. [18 NYS3d 871]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weinstein, J.), entered October 30, 2013, which denied his renewed motion, inter alia, to vacate the dismissal of the action.

Ordered that the order is affirmed, with costs.

On May 27, 2010, the action was dismissed after the plaintiff failed to appear in the Trial Scheduling Part.

To vacate the dismissal of an action pursuant to CPLR 5015 (a) (1), a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (*see Henry v Lewis*, 118 AD3d 669, 670 [2014]; *Schmitt v*

*Jeyalingam,* 71 AD3d 757 [2010]; *Santiago v Santana,* 54 AD3d 929, 930 [2008]), and must move within one year after receiving notice of the dismissal (*see* CPLR 5015 [a] [1]; *Bistre v Rongrant Assoc.,* 109 AD3d 778, 779 [2013]; *Matter of Downing v New York City Dept. of Educ.,* 108 AD3d 624, 626 [2013]; *Prospect Park Mgt., LLC v Beatty,* 73 AD3d 885, 886 [2010]). Here, the plaintiff's renewed motion was untimely, given the extensive delay between the time that the plaintiff received notice of the dismissal of the action and the filing of his renewed motion to vacate the dismissal (*see Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.,* 83 AD3d 1080, 1082 [2011]; *Matter of Putnam County Natl. Bank v JP Morgan Chase Bank N.A.,* 57 AD3d 677, 678 [2008]; *Nahmani v Town of Ramapo,* 262 AD2d 291 [1999]). Furthermore, the plaintiff failed to articulate any basis for the more than 2½-year delay between the date of the prior order denying his original motion to vacate and his renewed motion (*see JP Morgan Chase Bank, N.A. v Russo,* 121 AD3d 1048, 1049 [2014]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's renewed motion, inter alia, to vacate the dismissal of the action.

The plaintiff's remaining contentions, raised for the first time on appeal, are not properly before this Court (*see Perla v Daytree Custom Bldrs., Inc.,* 119 AD3d 758, 760 [2014]). Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.