Mountain Val. Indem. Co. v Goicoechea (2025 NY Slip Op 02339)

Mountain Val. Indem. Co. v Goicoechea

2025 NY Slip Op 02339

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-00249
 (Index No. 713840/21)

[*1]Mountain Valley Indemnity Company, respondent,
v
Hugo Armando Goicoechea, etc., et al., defendants, N. P., etc., et al., appellants.

Davidoff Law, P.C., Forest Hills, NY (Mark Peter Getzoni of counsel), for appellants.
Hurwitz Fine, P.C., Buffalo, NY (Ryan P. Maxwell of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend and indemnify, among others, the defendant Hugo Armando Goicoechea in an underlying action entitled P. v Goicoechea, commenced in the Supreme Court, Queens County, under Index No. 703622/20, the defendants N. P. and Walther S. Porras appeal from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered December 7, 2022. The order, insofar as appealed from, upon reargument, vacated so much of an order of the same court dated July 12, 2022, as denied that branch of the plaintiff's motion which was pursuant to CPLR 3012(d) to compel the defendants N. P. and Walther S. Porras to accept the plaintiff's reply to their counterclaims, and thereupon, granted that branch of the motion.
ORDERED that the order entered December 7, 2022, is affirmed insofar as appealed from, with costs.
"In seeking to vacate a default in serving a reply to counterclaims, a party must establish both a reasonable excuse for its delay in replying and a potentially meritorious defense to the counterclaims" (U.S. Bank N.A. v Gordon, 202 AD3d 871, 871; see CPLR 3012[d]; Beizer v Funk, 5 AD3d 619, 620). Here, the defendants N. P. and Walther S. Porras (hereinafter together the defendants) do not challenge the Supreme Court's determination that the plaintiff established a reasonable excuse for its delay in replying to their counterclaims. Furthermore, contrary to the defendants' contention, the court properly determined that the plaintiff established a potentially meritorious defense to the counterclaims.
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court