# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**477**

**CA 12-02125**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

CAROLYN LOUCKS, PLAINTIFF-RESPONDENT,

V                                                                                   MEMORANDUM AND ORDER

WALDEMAR KLIMEK, JR., M.D. AND PENFIELD
OBSTETRICS & GYNECOLOGY, LLP,
DEFENDANTS-APPELLANTS.

---

BROWN & TARANTINO, LLC, ROCHESTER (JEFFREY S. ALBANESE OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

GERARD A. STRAUSS, HAMBURG, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Wayne County (Daniel G. Barrett, A.J.), entered April 30, 2012. The order, insofar as appealed from, granted the motion of plaintiff insofar as it sought leave to renew and vacated an order striking the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for defendants' alleged medical malpractice in treating her following surgery to remove a fibroid tumor from her uterus. After plaintiff failed to respond to defendants' demand for a bill of particulars and other discovery demands, defendants moved to preclude plaintiff from submitting evidence in support of her claims unless she provided responses to defendants' discovery demands within seven days (*see* CPLR 3042, 3126). Plaintiff did not oppose the motion, and Supreme Court entered a conditional order of preclusion on June 30, 2011, providing that it would become absolute unless plaintiff responded to the outstanding discovery demands within 30 days of notice of entry of the order. When plaintiff did not provide responses within the 30-day time period, defendants moved to dismiss the complaint with prejudice based upon plaintiff's failure to comply with the conditional order of preclusion. Plaintiff again failed to oppose the motion, which the court granted by order entered October 13, 2011. On November 22, 2011, plaintiff moved for leave to "renew and/or reargue" defendants' motion to strike the complaint and, upon renewal and/or reargument, sought to vacate the order striking the complaint. The court granted plaintiff's motion insofar as it sought leave to renew and vacated the order striking the complaint. The court also implicitly vacated the conditional order of preclusion by permitting plaintiff to respond to defendants' discovery demands within 30 days of notice of entry of the

instant order.  We affirm.

Contrary to the contention of defendants, we conclude that the court providently exercised its discretion in considering plaintiff's motion.  Although plaintiff denominated her motion as one to renew and/or reargue pursuant to CPLR 2221, the court properly treated it as a motion to vacate a default order pursuant to CPLR 5015 (a) (1) (*see Kanat v Ochsner*, 301 AD2d 456, 457; *see generally Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 142-143).  "A plaintiff seeking relief from a default [order] must establish a reasonable excuse for the default and a meritorious cause of action" (*Testa v Koerner Ford of Syracuse* [appeal No. 2], 261 AD2d 866, 868; *see Nulty v Wolff*, 291 AD2d 763, 764).  "It is generally left to the sound discretion of . . . Supreme Court to determine what constitutes a reasonable excuse" (*Beizer v Funk*, 5 AD3d 619, 620; *see Remote Meter Tech. of NY, Inc. v Aris Realty Corp.*, 83 AD3d 1030, 1032; *Diaz v Ralph*, 66 AD3d 819, 820).

Here, we conclude that the court did not abuse its discretion in determining that plaintiff had a reasonable excuse for her default.  "It is well established that the illness of an attorney may constitute a reasonable excuse for a default" (*Collins v Elbadawi*, 265 AD2d 850, 851; *see e.g. Imperato v Mount Sinai Med. Ctr.*, 82 AD3d 414, 415, *affd* 18 NY3d 871; *Goldstein v Meadows Redevelopment Co Owners Corp. I*, 46 AD3d 509, 511; *Weitzenberg v Nassau County Dept. of Recreation & Parks*, 29 AD3d 683, 684-685).  In support of the motion, plaintiff's counsel averred that, from early 2010 until shortly before his motion to vacate the default order, he was suffering from recurring health issues stemming from two heart attacks, a serious infection requiring hospitalization, and uncontrolled Type II diabetes.  According to counsel, those medical issues "affected [his] health in an ongoing manner and prevented [him] from diligently and timely responding to [defendants'] demands in this case."  There is no evidence that counsel's neglect in this case was "willful, contumacious or manifested bad faith" (*Imperato*, 82 AD3d at 415).  Particularly in light of New York's "strong public policy . . . [in favor of] disposing of cases on their merits" (*Goodwin v New York City Hous. Auth.*, 78 AD3d 550, 551), we conclude that "[w]here, as here, there is no evidence of willfulness, deliberate default, or prejudice to the defendants, the interest of justice is best served by permitting the case to be decided on its merits" (*Beizer*, 5 AD3d at 620).

Finally, we conclude that the court properly determined that plaintiff substantially complied with the requirement of establishing a meritorious claim by submitting an affirmation, rather than an affidavit, of a Florida expert who was not "authorized by law to practice" in New York (CPLR 2106; *see Sandoro v Andzel*, 307 AD2d 706, 707-708).  The affirmation would have been sufficient to show merit had it been in proper evidentiary form.  Thus, the court properly permitted plaintiff an opportunity to supply an affidavit from the Florida expert within 30 days of notice of entry of its order.

Entered: July 5, 2013                    Frances E. Cafarell
                                         Clerk of the Court