In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated November 14, 2014, which granted the defendant’s motion to vacate a judgment of the same court dated August 23, 2013, entered upon his failure to answer the complaint or appear at the inquest, and for leave to serve a late answer.
 

 Ordered that the order is affirmed, with costs.
 

 The plaintiffs commenced this action against their former attorney alleging legal malpractice, fraud, and breach of fiduciary duty. The plaintiffs alleged that the defendant, who represented them in the purchase of their home, committed malpractice by, among other things, failing to determine that the home had no access to a public road and was therefore landlocked. The defendant failed to answer the complaint, and the plaintiffs moved for leave to enter a default judgment. The Supreme Court granted the motion and, following an inquest, entered a judgment against the defendant in the total sum of $1,372,458.52, which represented the sum of the purchase price of the house and the cost of improvements the plaintiffs had made after the purchase, plus interest and costs. The defendant moved to vacate the judgment entered upon his default and for leave to serve a late answer, arguing that he had a reasonable excuse for his default and a potentially meritorious defense. The court granted the motion, and the plaintiffs appeal.
 

 To prevail on a motion to vacate a judgment entered upon a default in appearing or answering the complaint, the defendant must demonstrate a reasonable excuse for the default and the existence of a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Codoner v Bobby’s Bus Co., Inc., 85 AD3d 843, 844 [2011]; Westchester Med. Ctr. v Hartford Cas. Ins. Co., 58 AD3d 832, 832 [2009]; Sound Shore Med. Ctr. v Lumbermens Mut. Cas. Co., 31 AD3d 743, 743 [2006]). “Other factors which the court should consider include whether the default prejudiced the opposing party, whether it was willful or evinced an intent to abandon the litigation, and whether vacating the default would serve the strong public policy of resolving cases on their merits when possible” (Dimitriadis v Visiting Nurse Serv. of N.Y., 84 AD3d 1150, 1150-1151 [2011]). Mental health issues during the relevant period, established by a doctor’s affidavit, may serve as a reasonable excuse sufficient to vacate a default (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Diamond, 39 AD3d 360, 360 [2007]; see also Loucks v Klimek, 108 AD3d 1037, 1038 [2013]; Osman v Osman, 83 AD3d 1022, 1023-1024 [2011]).
 

 Here, the defendant demonstrated a reasonable excuse for his default through the affidavit of his treating psychologist, which established that his default was due to diagnosed psychological conditions that rendered him unable to defend himself in this action at the relevant time. He also demonstrated a potentially meritorious defense to the complaint by, inter alia, submitting evidence that the property was not and had never been landlocked. In light of the defendant’s showing and the strong policy favoring adjudication of cases on the merits, the Supreme Court providently exercised its discretion in granting the defendant’s motion to vacate his default and for leave to serve a late answer.
 

 Rivera, J.P., Hall, Roman and Christopher, JJ., concur.