Butchello v Terhaar (2019 NY Slip Op 07162)





Butchello v Terhaar


2019 NY Slip Op 07162


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


801 CA 18-01842

[*1]TERESSA BUTCHELLO, PLAINTIFF-RESPONDENT,
v
PETER J. TERHAAR, D.O., ALLEGHENY REGIONAL BONE AND JOINT SURGERY, P.C., OLEAN GENERAL HOSPITAL UPPER ALLEGHENY HEALTH SYSTEM, INC., DEFENDANTS-APPELLANTS, AND WILLIAM J. WONDERLING, RPA-C, DEFENDANT. 






COLUCCI & GALLAHER, P.C., BUFFALO (MARYLOU K. ROSHIA OF COUNSEL), FOR DEFENDANTS-APPELLANTS PETER J. TERHAAR, D.O. AND ALLEGHENY REGIONAL BONE AND JOINT SURGERY, P.C.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (RYAN P. CRAWFORD OF COUNSEL), FOR DEFENDANTS-APPELLANTS OLEAN GENERAL HOSPITAL AND UPPER ALLEGHENY HEALTH SYSTEM, INC. 
KUSTELL LAW GROUP, LLP, BUFFALO (KATHRYN M. EASTMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeals from an order of the Supreme Court, Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered March 29, 2018. The order, insofar as appealed from, granted plaintiff's motion to the extent that it sought to vacate an order dismissing the complaint against defendants-appellants. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, plaintiff's motion is denied in its entirety, and the order dated January 25, 2017 is reinstated.
Memorandum: After commencing this medical malpractice action on June 23, 2015, plaintiff discharged her attorneys on December 28, 2016. Supreme Court granted the subsequent cross motion of plaintiff's attorneys to withdraw, provided plaintiff until March 9, 2017 to appear with new counsel or appear pro se, and directed that her failure to appear would result "in dismissal of plaintiff's complaint without further order." Plaintiff did not appear by March 9 and instead moved on December 6, 2017 to, inter alia, vacate the order of dismissal (default order) and restore the action to the calendar on the grounds that she had a reasonable excuse for her default and a meritorious cause of action. Plaintiff ultimately obtained new counsel and filed a notice of appearance dated February 2, 2018. Defendants-appellants (defendants) appeal from an order that, inter alia, granted plaintiff's motion insofar as it sought to vacate that part of the default order dismissing the complaint against defendants and restored her case to the calendar. We reverse the order insofar as appealed from.
"A plaintiff seeking relief from a default [order] must establish a reasonable excuse for the default and a meritorious cause of action" (Testa v Koerner Ford of Syracuse [appeal No. 2], 261 AD2d 866, 868 [4th Dept 1999]; see Loucks v Klimek, 108 AD3d 1037, 1038 [4th Dept 2013]). " Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court . . . , the movant must submit supporting facts in evidentiary form sufficient to justify the default' " (Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 554 [2d Dept 2001]; see Brehm v Patton, 55 AD3d 1362, 1363 [4th Dept 2008]).
Plaintiff contends that she established a reasonable excuse for her default because she [*2]believed that the court had extended her time to appear. We reject that contention. In support of the motion to vacate, plaintiff submitted her affidavit, in which she asserted that she "relied upon the representation of another attorney [she had] retained [who] said that he had contacted the court to extend [her] time," and she attached to the affidavit the attorney's purported text message indicating he had contacted the court for that purpose. The text message, however, is undated and does not state that the court actually granted an extension. Indeed, it is undisputed that no extension was granted. Further, plaintiff did not state when she received the text message, whether she received it prior to the March 9, 2017 deadline to appear, or what the result of the attorney's request for an extension of time was. The evidence submitted by plaintiff therefore did not establish a reasonable excuse for the default (see generally Brehm, 55 AD3d at 1363). Insofar as plaintiff also contends that she established a reasonable excuse because she was searching for new counsel while in default, we agree with defendants that plaintiff was provided sufficient time to obtain new counsel and that the mere inability to secure counsel does not establish a reasonable excuse for her default (see generally 135 Bowery LLC v 10717 LLC, 145 AD3d 1225, 1227-1228 [3d Dept 2016]; Abbott v Crown Mill Restoration Dev., LLC, 109 AD3d 1097, 1099 [4th Dept 2013]). Inasmuch as plaintiff failed to establish a reasonable excuse for her default, the court erred in granting in part her motion to vacate.
In light of that determination, we need not consider whether plaintiff established a potentially meritorious claim (see generally Wells Fargo Bank, N.A. v Dysinger, 149 AD3d 1551, 1552 [4th Dept 2017]; Abbott, 109 AD3d at 1100; Loucks, 108 AD3d at 1038).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court