Hayden v Vevante (2020 NY Slip Op 00575)





Hayden v Vevante


2020 NY Slip Op 00575


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2018-10552
 (Index No. 12852/12)

[*1]Daniel Hayden, plaintiff,
v
F.T. Vevante III, et al., defendants; Shapiro & Coleman, P.C., nonparty-appellant, Harrison Law Group, P.C., et al., nonparty-respondents.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for nonparty-appellant.
Arnold E. DiJoseph, P.C., New York, NY, for nonparty-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Shapiro & Coleman, P.C., the plaintiff's current attorneys, appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated July 6, 2018. The order, insofar as appealed from, denied the cross motion of Shapiro & Coleman, P.C., pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated October 24, 2017, which, upon granting that branch of the motion of nonparty Cavalier & Associates, P.C., the plaintiff's former attorneys, which was for an allocation of attorneys' fees, determined, upon the failure of Shapiro & Coleman, P.C., to appear and proceed at the hearing to determine the apportionment of attorneys' fees, without a hearing, that Cavalier & Associates, P.C., was entitled to 20% of the attorneys' fees recoverable in the action, that Shapiro & Coleman, P.C., was entitled to 40% of the attorneys' fees, and that nonparty Harrison Law Group, P.C., the plaintiff's former attorneys, was entitled to 40% of the attorneys' fees.
ORDERED that the order dated July 6, 2018, is affirmed insofar as appealed from, with costs.
On December 14, 2010, the plaintiff was injured in a motor vehicle accident. In October 2012, nonparty Cavalier & Associates, P.C. (hereinafter Cavalier), commenced this personal injury action on behalf of the plaintiff. In March 2015, nonparty Harrison Law Group, P.C. (hereinafter Harrison), was substituted as the plaintiff's counsel. In October 2016, nonparty Shapiro & Coleman, P.C. (hereinafter the Shapiro firm), was substituted as the plaintiff's counsel. On April 11, 2017, after mediation, a settlement in the sum of $725,000 was reached before trial, resulting in attorneys' fees in the sum of $241,666.58. On April 25, 2017, Richard H. Coleman of the Shapiro firm disbursed to himself an attorney's fee in the amount of $120,000 from the settlement funds.
By order to show cause dated May 4, 2017, Cavalier moved, inter alia, for a hearing to determine the apportionment of the attorneys' fees recoverable between it, the Shapiro firm, and Harrison. The Shapiro firm cross-moved for a determination that Cavalier was not entitled to any [*2]attorneys' fees based, inter alia, upon Cavalier's alleged termination for cause. By order dated August 16, 2017, the Supreme Court, inter alia, set the matter down for a hearing to determine the apportionment of the attorneys' fees, and scheduled the matter to appear on the calendar of the Central Compliance Part (hereinafter CCP) on October 23, 2017. The order provided that "[t]he failure to file a note of issue or appear as directed may be deemed an abandonment of the claims giving rise to the hearing." On October 23, 2017, Coleman failed to appear for the scheduled evidentiary hearing, never advising the court or his adversaries of any need for an adjournment, and instead sent a per diem attorney on his behalf purportedly to seek an adjournment and obtain the new court date. When the court indicated that it might hold the Shapiro firm in default, the per diem attorney, after speaking to Coleman, requested an adjournment. The court granted a one-day adjournment and warned that the Shapiro firm would be held in default if Coleman or someone on his behalf did not appear ready to proceed the next day. On October 24, 2017, Coleman sent another per diem attorney on his behalf only to obtain a two-week adjournment. In an order of that date, the court held the Shapiro firm in default and determined that Cavalier was entitled to 20% of the attorneys' fees, that the Shapiro firm was entitled to 40% of the attorneys' fees, and that Harrison was entitled to 40% of the attorneys' fees.
By order to show cause dated November 30, 2017, Harrison moved to compel the Shapiro firm to distribute to Harrison and Cavalier their proportionate shares of the attorneys' fees. Cavalier joined in Harrison's motion. The Shapiro firm cross-moved pursuant to CPLR 5015(a)(1) to vacate the order dated October 24, 2017. By order dated July 6, 2018, the Supreme Court granted Harrison's motion to the extent of awarding judgment in favor of Harrison in the sum of $96,666.66 and in favor of Cavalier in the sum of $48,333.33, and denied the Shapiro firm's cross motion. The Shapiro firm appeals.
In seeking to vacate its default in appearing or proceeding at the hearing, the Shapiro firm was required to establish both a reasonable excuse for its default and a potentially meritorious case (see CPLR 5015[a][1]; Crevecoeur v Mattam, 172 AD3d 813, 814; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138; Matter of Tsoukas v Tsoukas, 125 AD3d 872, 876). Other factors to be considered include whether the default prejudiced the opposing party, whether the default was willful or evinced an intent to abandon the litigation, and whether vacating the default would serve the strong public policy of resolving cases on their merits when possible (see Pierot v Leopold, 154 AD3d 791, 791-792; Dimitriadis v Visiting Nurse Serv. of N.Y., 84 AD3d 1150, 1150-1151). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court (see Mid-Hudson Props., Inc. v Klein, 167 AD3d 862, 864; GMAC Mtge., LLC v Guccione, 127 AD3d at 1138; Walker v Mohammed, 90 AD3d 1034).
Here, the Supreme Court providently exercised its discretion in denying the Shapiro firm's cross motion to vacate its default based upon its failure to demonstrate a reasonable excuse for not appearing and proceeding with the hearing (see Melendez v Stack, 171 AD3d 726, 728). Coleman's belief that the October 23, 2017, hearing had been administratively adjourned based on an entry on the New York State Unified Court System E-Courts public website was not reasonable, since a second entry on the website showed that the outcome of the October 23, 2017, hearing was still pending before the "CCP J Non Jury Calendar Control Part 2." Furthermore, the court's refusal to grant more than a one-day adjournment was not an improvident exercise of discretion, as the Shapiro firm failed to present any evidence of its contention that Coleman was out of the country on vacation, particularly since he had received notice far in advance of the hearing date (see 22 NYCRR 125.1[g]; Bitzios v Michelakis, 89 AD3d 779, 781; Matter of Government Empls. Ins. Co. v Dae-Hee Lee, 78 AD3d 944, 945; Foster v Gherardi, 201 AD2d 701, 701-702). Moreover, the Shapiro firm took no steps to vacate its default until Harrison moved to compel the Shapiro firm to comply with the court's October 24, 2017, directive to disburse to Harrison and Cavalier their shares of the attorneys' fees (see Nahar v Awan, 33 AD3d 680, 681; Perellie v Crimson's Rest., 108 AD2d 903, 904).
As the Shapiro firm failed to offer a reasonable excuse for its default, it is unnecessary to consider whether it sufficiently demonstrated the existence of a potentially meritorious case (see Cox v Marshall, 161 AD3d 1140, 1141; Natural Prod. Import Am., Inc. v J & J Express Trucking [*3]Corp., 137 AD3d 883, 884).
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court