Makro-Ram Group Profit Sharing Plan v Anaya (2020 NY Slip Op 06250)





Makro-Ram Group Profit Sharing Plan v Anaya


2020 NY Slip Op 06250


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-03280
2018-03281
 (Index No. 9214/06)

[*1]Makro-Ram Group Profit Sharing Plan, plaintiff,
v
Jorge L. Anaya, et al., defendants, Belkis Pimentel Clarks, respondent; Torati-Ramunto, LLC, nonparty- appellant.


The Bernstein Law Firm, Brooklyn, NY (Michael I. Bernstein of counsel), for nonparty-appellant.
Peter R. Shipman, Hempstead, NY, for respondent.



DECISION & ORDER
In an action to recover on promissory notes and personal guaranties, nonparty Torati-Ramunto, LLC, appeals from two orders of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), both entered January 8, 2018. The first order entered January 8, 2018, denied the motion of nonparty Torati-Ramunto, LLC, pursuant to CPLR 5015(a), in effect, to vacate an order of the same court dated December 23, 2015, granting the motion of the defendant Belkis Pimentel Clark, inter alia, to vacate so much of a judgment of the same court dated August 23, 2006, as was against her and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction to the extent of directing a hearing to determine the validity of service of process, to vacate an order of the same court (Nicholas Colabella, J.) dated April 25, 2016, sua sponte, directing dismissal of the action pursuant to 22 NYCRR 202.27, to vacate an order of the same court (Nicholas Colabella, J.) dated May 17, 2016, inter alia, directing nonparty Torati-Ramunto, LLC, to restore any funds removed from the bank account of the defendant Belkis Pimentel Clarks, and to vacate an order of the same court (Joan B. Lefkowitz, J.) dated December 12, 2016, granting the motion of the defendant Belkis Pimentel Clarks to hold nonparty Torati-Ramunto, LLC, in civil contempt. The second order entered January 8, 2018, denied the motion of nonparty Torati-Ramunto, LLC, pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Belkis Pimentel Clarks.
ORDERED that the orders entered January 8, 2018, are affirmed, with one bill of costs.
On December 23, 1998, the defendant Jorge L. Anaya executed two promissory notes in favor of the plaintiff, both of which were signed by the defendant Belkis Pimentel Clarks as guarantor. In May 2006, the plaintiff commenced this action against, among others, Clarks to recover on the promissory notes and personal guaranties. After Clarks and the other defendants failed to appear or answer the complaint, a judgment dated August 23, 2006, was entered upon their default. In October 2013, the judgment was assigned from the plaintiff to nonparty Torati-Ramunto, [*2]LLC (hereinafter the appellant).
In July 2015, Clarks moved, inter alia, to vacate so much of the judgment as was against her and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In an order dated December 23, 2015, the Supreme Court granted Clarks's motion to the extent of directing a hearing on the issue of whether Clarks was properly served with process. In an order dated April 25, 2016, upon the appellant's failure to appear at the scheduled hearing, the court, sua sponte, directed dismissal of the action pursuant to 22 NYCRR 202.27.
In an order dated May 17, 2016, the Supreme Court, inter alia, directed the appellant to restore any funds removed from Clarks's bank account. Thereafter, Clarks moved to hold the appellant in civil contempt for failing to comply with the order dated May 17, 2016. In an order dated December 12, 2016, the court granted Clarks's motion to hold the appellant in contempt.
In May 2017, the appellant moved pursuant to CPLR 5015(a), in effect, to vacate the order dated December 23, 2015, and to vacate the orders dated April 25, 2016, May 17, 2016, and December 12, 2016. The appellant also separately moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Clarks. In an order entered January 8, 2018, the Supreme Court denied the appellant's motion to vacate the orders on the ground that the appellant failed to offer a reasonable excuse for its default. In a separate order also dated January 8, 2018, the court denied the appellant's motion to extend the time to serve the summons and complaint on the ground that "the action has been dismissed."
In order to vacate a default in appearing at a hearing, the moving party is required to demonstrate both a reasonable excuse for its default and a potentially meritorious cause of action (see Hayden v Vevante, 179 AD3d 1032, 1034). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (id. at 1034). "[T]he court has discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation of the default at issue" (Gately v Drummond, 161 AD3d 947, 949 [citation and internal quotation marks omitted]). However, "[c]onclusory and unsubstantiated allegations of law office failure are insufficient" (HSBC Bank USA, N.A. v Aquaviva, 177 AD3d 713, 714).
Here, the Supreme Court providently exercised its discretion in denying the appellant's motion to vacate the orders, since the appellant's conclusory and unsubstantiated claim of law office failure did not establish a reasonable excuse for its default in appearing at the hearing to determine the validity of service of process on Clarks (see Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 887). Since the appellant failed to proffer a reasonable excuse, this Court need not consider whether the appellant demonstrated a potentially meritorious cause of action (see JPMorgan Chase Bank, N.A. v Greenberg, 177 AD3d 860, 862).
Furthermore, in light of the appellant's failure to demonstrate a reasonable excuse for its default in appearing at the hearing, which resulted in the dismissal of the action, we agree with the Supreme Court's determination to deny the appellant's motion to extend the time to serve the summons and complaint upon Clarks (see EMC Mtge. Corp. v Walker, 175 AD3d 1247, 1248).
The appellant's remaining contentions either are not properly before this Court or need not be reached in light of our determination.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court