GMAC Mtge., LLC v Yun (2022 NY Slip Op 03886)

GMAC Mtge., LLC v Yun

2022 NY Slip Op 03886

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2018-08277
 (Index No. 612201/17)

[*1]GMAC Mortgage, LLC, respondent, 
v
Jenny Yun, etc., appellant, et al., defendants.

Sajid H. Jaffrey, Hollis, NY, for appellant.
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jenny Yun appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 20, 2018. The order denied that defendant's motion pursuant to CPLR 5015(a)(1) to vacate her default in filing a note of issue and appearing on the date of a hearing to determine the validity of service of process, and granted the plaintiff's cross motion, in effect, to deem abandoned, upon that defendant's default in filing a note of issue and appearing on the hearing date, that defendant's prior motion, inter alia, pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered December 17, 2016.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant Jenny Yun (hereinafter the defendant), among others, to foreclose a consolidated mortgage. The defendant failed to appear or answer the complaint, and, ultimately, an order and judgment of foreclosure and sale was entered on December 17, 2016.
In March 2017, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale. In an order entered August 28, 2017, the Supreme Court directed a hearing on the validity of service of process, to be held on September 13, 2017, and, sua sponte, directed the defendant to file a note of issue in furtherance thereof. The defendant did not file a note of issue or appear on the hearing date.
The defendant thereafter moved pursuant to CPLR 5015(a)(1) to vacate her default in filing a note of issue and appearing on the hearing date. The plaintiff cross-moved, in effect, to deem abandoned, upon the defendant's default in filing a note of issue and appearing on the hearing date, the defendant's prior motion, inter alia, to vacate the order and judgment of foreclosure and sale. By order entered March 20, 2018, the Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. The defendant appeals.
In order to vacate her default in filing a note of issue and appearing on the hearing date, the defendant was required to demonstrate both a reasonable excuse for her default and a [*2]potentially meritorious claim to be raised at the hearing (see Makro-Ram Group Profit Sharing Plan v Anaya, 188 AD3d 660; Hayden v Vevante, 179 AD3d 1032, 1034). Law office failure may qualify as a reasonable excuse for a party's default if the claim of such failure is supported by a credible explanation of the default (see CPLR 2005; Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 671). Here, the defendant's counsel did not adequately explain his failure to file a note of issue or appear on the hearing date, so as to excuse the defendant's default (see Hayden v Vevante, 179 AD3d at 1034).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 5015(a)(1) to vacate her default in filing a note of issue and appearing on the hearing date, and granted the plaintiff's cross motion, in effect, to deem abandoned, upon the defendant's default in filing a note of issue and appearing on the hearing date, the defendant's prior motion, inter alia, to vacate the order and judgment of foreclosure and sale.
IANNACCI, J.P., MILLER, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court