Residential Mtge. Loan Trust v Battle (2022 NY Slip Op 04750)

Residential Mtge. Loan Trust v Battle

2022 NY Slip Op 04750

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-04378
 (Index No. 347/12)

[*1]Residential Mortgage Loan Trust, etc., appellant,
v
Ricardo Battle, respondent.

Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Rajdai D. Dingh of counsel), for appellant.
Queens Legal Services, Jamaica, NY (Amy Hammersmith of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Bruce M. Balter, J.), dated January 23, 2019. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate (1) an order of the same court dated March 2, 2018, which, upon the plaintiff's failure to appear at a hearing to determine the validity of service of process, granted the defendant's motion, in effect, to vacate a judgment of foreclosure and sale of the same court entered July 22, 2015, and dismiss the complaint for lack of personal jurisdiction, and (2) a second prior order of the same court, also dated March 2, 2018, which denied, as academic, the plaintiff's motion for leave to reargue its opposition to the defendant's motion to vacate the judgement of foreclosure and sale which had been granted in an order of the same court dated July 25, 2017, to the extent of directing a hearing to determine the validity of service of process or, alternatively, pursuant to CPLR 306-b to extend its time to serve the defendant.
ORDERED that the order dated January 23, 2019, is affirmed, with costs.
Following the commencement of this mortgage foreclosure action, the plaintiff obtained a judgment of foreclosure and sale, entered July 22, 2015, upon the defendant's default in appearing in the action. Thereafter, the defendant moved, pro se, in effect, to vacate the judgment of foreclosure and sale, contending that he was never served with the summons and complaint, thereby also effectively seeking to vacate his default in appearing in the action and dismissal of the complaint for lack of personal jurisdiction. By order dated July 25, 2017, the Supreme Court, among other things, directed that a hearing to determine the validity of service of process be held on October 31, 2017. On October 31, 2017, the plaintiff's counsel appeared and filed a motion for leave to reargue the plaintiff's opposition to the defendant's motion giving rise to the hearing, to vacate the July 25, 2017 order upon reargument, or alternatively, pursuant to CPLR 306-b to extend its time to serve the defendant. However, this motion was filed more than 30 days after the August 25, 2017 service of the notice of entry of the July 25, 2017 order. The parties appeared for the hearing on October 31, 2017. However, the plaintiff's counsel appeared without producing the process server who purportedly served the summons and complaint upon the defendant. As a result, the parties, including the plaintiff's counsel, were informed that the hearing was adjourned to February 27, 2018.
While the defendant appeared for the hearing on February 27, 2018, neither the [*2]plaintiff's counsel nor the plaintiff's process server appeared. By order dated March 2, 2018, upon the plaintiff's default in appearing for the hearing on February 27, 2018, the Supreme Court granted the defendant's motion to vacate the judgment of foreclosure and sale and dismiss the complaint for lack of personal jurisdiction. By a second order dated March 2, 2018, the court denied, as academic, the plaintiff's motion for leave to reargue or, alternatively, pursuant to CPLR 306-b to extend its time to serve the defendant, due to the dismissal of the action upon the plaintiff's default in appearing for the February 27, 2018 hearing. The plaintiff then moved pursuant to CPLR 5015(a)(1) to vacate the March 2, 2018 orders, citing law office failure for its absence at the February 27, 2018 hearing. By order dated January 23, 2019, the court denied the plaintiff's motion. The plaintiff appeals.
A party seeking to vacate an order entered upon his or her failure to appear at a hearing must demonstrate a reasonable excuse for the default and a potentially meritorious claim or defense to be raised at the hearing (see CPLR 5015[a][1]; Berganza v Pecora, 192 AD3d 743, 745; Makro-Ram Group Profit Sharing Plan v Anaya, 188 AD3d 660; Hayden v Vevante, 179 AD3d 1032, 1034). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue" (Bank of Am., N.A. v Murjani, 199 AD3d 630, 631 [internal quotation marks omitted]). "[W]hile CPLR 2005 allows courts to excuse a default due to law office failure, it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse" (Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 786 [internal quotation marks omitted]).
Here, the plaintiff's submissions in support of its motion essentially attributed the plaintiff's failure to appear at the adjourned hearing date to law firm neglect and lack of diligence in properly calendaring the adjournment, and thus, failed to establish a reasonable excuse for the default (see Bank of Am., N.A. v Murjani, 199 AD3d at 630; Cox v Marshall, 161 AD3d 1140, 1141). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the plaintiff demonstrated the existence of a potentially meritorious claim or defense to be raised at the hearing (see Bank of Am., N.A. v Murjani, 199 AD3d at 630; Hayden v Vevante, 179 AD3d 1032, 1035; Cox v Marshall, 161 AD3d at 1141).
The plaintiff's remaining contention is not properly before this Court.
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate the orders dated March 2, 2018.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court