Smith v City of New York (2024 NY Slip Op 50891(U))

[*1]

Smith v City of New York

2024 NY Slip Op 50891(U)

Decided on July 10, 2024

Supreme Court, Kings County

Frias-Colón, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2024
Supreme Court, Kings County

Mariah Smith, Plaintiff,

against
The City of New York, The New York City Department of Education, 
 The New York City Department of Health and Mental Hygiene, New Dawn Charter High School, Sara Asmussen and John Does 1-10, Defendants.

Index No. 534295/2023

For Plaintiff Mariah Smith: 
Jimmy Wagner, Attorney at Law, 2055 Flatbush Avenue, Brooklyn, NY 11234, 929-477-8889, jimmy013@gmail.com
For City Defendants: 
Bruce Rosenbaum of the New York City Law Department, 100 Church street Rm 2-166, New York, NY 10007, 212-356-2437, brosenba@law.nyc.gov
For Defendants New Dawn Charter High School and Sara Assmusen 
Adam I. Kleinberg of Sokoloff Stern LLP, 179 Westbury Avenue, Carle Place, NY 11514, 516-334-4500, akleinberg@sokoloffstern.com

Patria Frias-Colón, J.

Recitation per CPLR §§ 2219(a) and/or 3212(b) of papers considered on review of this motion:
Papers   
NYSCEF Document Numbers
New Dawn Defendants 8-11
Plaintiff 39-45, 46-47
City Defendants 29-31, 34-37
Upon the foregoing cited papers and after oral argument on March 20, 2024, Defendants New Dawn Charter High School ("NDCHS") and Sara Asmussen (collectively "New Dawn [*2]Defendants") move (Motion Sequence #1) for an Order, pursuant to CPLR § 3211(a)(2) and CPLR § 3211(a)(7), dismissing Plaintiff's complaint. Plaintiff moves (Motion Sequence #2) for an Order granting a default judgment against Defendants City of New York ("City"), New York Department of Education ("DOE") and New York City Department of Health and Mental Hygiene ("DOHMH") (collectively "City Defendants") and directing an inquest on damages. The City Defendants move (Motion Sequence #3) for an Order, pursuant to CPLR §§ 2004, 2005 and 3012(d), extending the City Defendants' time to respond to the complaint nunc pro tunc from February 19, 2024 to March 20, 2024. The City Defendants move (in Motion Sequence #4) for an Order, pursuant to CPLR §§ 3211(a)(1), (a)(5) and (a)(7), dismissing Plaintiff's complaint.
Plaintiff alleges she was employed by NDCHS for a period of four years until September 2021 [FN1]
. Plaintiff states that after working with NDCHS for a period of four years, the organization stated Plaintiff needed to be vaccinated for COVID-19 [FN2]
, even though no such condition existed in her contract of employment [FN3]
. Plaintiff alleges Defendant NDCHS failed to follow any statutory requirements, failed to show an undue hardship, failed to engage in a cooperative dialogue, and failed to provide a reasonable accommodation [FN4]
. Plaintiff asserts that "[a]s a devout Christian and pursuant to the tenets of her faith, and as a patient with a recent reaction that made her throat close from an unknown allergy"[FN5]
, she sought to apply for a religious and/or medical exemption but was told by Defendant NDCHS that "the school site does not offer any kind of accommodations to people like her"[FN6]
. Plaintiff states she was prepared to accept numerous accommodations, including masking and continuing to participate in weekly testing at her own expense, but Defendant NDCHS did not even allow Plaintiff to file for an accommodation [FN7]
. Upon information and belief, Plaintiff alleges Defendants NDCHS predetermined Plaintiff's termination because she is an African-American woman; that the only point Defendant NDCHS spoke to Plaintiff in reference to a reasonable accommodation was to inform her that "the school site does not offer medical or religious accommodations to people like her;[FN8]
" and that at no point did any member of NDCHS engage Plaintiff in a cooperative [*3]dialogue [FN9]
. 
Plaintiff maintains that Defendants' actions were violative of New York State and New York City Human Rights Law, and the Free Exercise Clause of the New York State Constitution, insofar as the failure to provide a reasonable accommodation was discriminatory on the basis of plaintiff's Christian beliefs as well as her race and gender. In her complaint, Plaintiff sets forth causes of action for Religious Discrimination under the New York State Human Rights Law (NYSHRL) (Executive Law § 296) and New York City Human Rights Law (NYCHRL) § 8-107 (First); Refusal to Engage in Cooperative Dialogue under NYCHRL § 8-107(28) (Second); Violation of NYCHRL § 8-107(13)(b)(3) (Third); Declaratory Judgment (Fourth); Violation of the Free Exercise Clause of the New York State Constitution (Fifth); Intentional Infliction of Emotional Distress) (Sixth); Aiding, Abetting, Compelling and Coercing violation of the NYCHRL (Seventh); Breach of Contract/Wrongful Termination (Eighth); Attorneys' Fees (Ninth); and Disparate Treatment and Disparate Impact under the NYCHRL (Tenth).
The summons and complaint in this action were filed on November 21, 2023 and served on the City Defendants on November 29, 2023. On December 18, 2023, counsel for Plaintiff and the City Defendants entered into a stipulation extending the time for the City Defendants to respond to the complaint from December 19, 2023 to February 19, 2024. The City Defendants filed a Notice of Appearance on December 19, 2023. On March 4, 2024, following the failure of the City Defendants to respond within the time set forth in the stipulation, Plaintiff moved for a default judgment against the City Defendants. On March 12, 2024, in response to Plaintiff's motion for a default judgment, the City Defendants moved in Motion Sequence #3 to extend their time to respond to the complaint to March 20, 2024 and moved separately in Motion Sequence #4 to dismiss the complaint.
New Dawn Defendants' Motion to Dismiss
The foundation of the New Dawn Defendants' dismissal motion is the alleged failure of Plaintiff to properly serve a notice of claim pursuant to Education Law § 3813. However, in a recent decision, the Appellate Division, Second Department held that notice of claim requirements under said statute are inapplicable to charter schools such as NDCHS. A.P. v John W. Lavell Preparatory Charter School, — AD3d —, 2024 NY Slip Op 02205 2d Dept. (2024).
Accordingly, that part of the New Dawn Defendants' motion to dismiss under CPLR §3211 (a) (2) based on a failure to properly serve a notice of claim is denied. In determining whether a complaint is sufficient to withstand a motion pursuant to CPLR §3211(a)(7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail". Guggenheimer v. Ginzburg, 43 NY2d 268, 275 (1977). The Court must accept the facts alleged in the complaint to be true and determine only whether the facts alleged fit within any cognizable legal theory. "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss". EBC I, Inc. v. Goldman Sachs & Co., 5 NY3d 11, 19 (2005). "Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR §3211(a)(7), but does not [*4]convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed". Lopez v Lozner & Mastropietro, P.C., 166 AD3d 871, 872 2d Dept. (2011).
However, CPLR §3013 states that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." Thus, conclusory allegations will not suffice [FN10]
. When the allegations in a complaint are vague or conclusory, dismissal for failure to state a cause of action is warranted [FN11]
. Moreover, "factual claims which are flatly contradicted by the evidence are not presumed to be true on such a motion. If the documentary proof disproves an essential allegation of the complaint, dismissal pursuant to CPLR §3211(a)(7) is warranted even if the allegations, standing alone, could withstand a motion to dismiss for failure to state a cause of action"[FN12]
.
In their affirmation in support of the motion to dismiss, the New Dawn Defendants challenge the sufficiency of Plaintiff's causes of action for Breach of Contract, Free Exercise Clause, Intentional Infliction of Emotional Distress and Declaratory Judgment. The New Dawn Defendants argue that while Plaintiff was employed under a contract, the contract specified that Plaintiff was an at-will employee who could be terminated upon thirty days' notice. The New Dawn Defendants submit a copy of the employment contract as an exhibit along with their motion. "When there is an at-will employment relationship, the employer may unilaterally alter the terms of employment, and the employee may end the employment if the new terms are unacceptable"[FN13]
. An at-will employee "may not maintain a breach of contract cause of action based on an alleged wrongful termination of employment"[FN14]
. However, in opposition, Plaintiff submits a copy of the September 24, 2021 termination notice issued by NDCHS which states that Plaintiff's employment was terminated as of September 24, 2021 [FN15]
. Thus, Plaintiff demonstrated a cognizable cause of action for breach of contract based on NDCHS's failure to give thirty days' notice prior to termination as required by Plaintiff's employment contract.
Plaintiff fails to state a cognizable cause of action under the Free Exercise Clause of the New York State Constitution. A cause of action for a violation of the New York State Constitution arises only where it is necessary to ensure the full realization of the claimant's constitutional rights [FN16]
. Here, invocation of a constitutional tort cause of action is unnecessary as Plaintiff had alternative avenues of redress available, including a private right of action under the NYSHRL and NYCHRL. Insofar as a cause of action for religious or racial discrimination may be brought under these statutes, recognition of a separate state constitutional claim is neither necessary nor appropriate to ensure the full realization of a person's rights, because the alleged wrongs are redressable under an alternative remedy [FN17]
. As a result, the fifth cause of action is dismissed as against New Dawn Defendants.
To make out a prima facie case of intentional infliction of emotional distress, a plaintiff must plead: "(1) extreme and outrageous conduct; (2) the intent to cause...severe emotional distress; (3) causation; and (4) severe emotional distress"[FN18]
"[T]he pleading must allege 'conduct [that] has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'"[FN19]
In the complaint, Plaintiff alleges she "suffered severe emotional distress when she was required to violate the sanctity of her body and her soul through the illegal and forceful coercion of Defendants or be terminated from her employment because she is an African-American Christian woman."[FN20]
. The complaint fails to plead facts sufficient to demonstrate that NDCHS's action in either enforcing its vaccine mandate or denying a reasonable accommodation, even if ultimately proved wrongful, constituted conduct which satisfies the rigorous "outrageous," "extreme," "atrocious" and "intolerable" standard required to state a claim for intentional infliction of emotional distress. Further, the pleading does not allege that it was the intent of NDCHS to cause Plaintiff severe emotional distress. Accordingly, the sixth cause of action is dismissed as against the New Dawn Defendants.
Pursuant to CPLR §3001, "[t]he supreme court may render a declaratory judgment...as to the rights and other legal relations of the parties to a justiciable controversy." To constitute a "justiciable controversy," there must be a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect [FN21]
. As [*5]Plaintiff is no longer employed at NDCHS and the vaccine mandate applicable to City employees (which applied to the charter school staff and other individuals who worked in-person in a charter school setting) has since been rescinded, there is no present controversy between the parties regarding the vaccine mandate and/or Plaintiff's rights as an employee of NDCHS. See Matter of New York City Mun. Labor Comm. v. Adams, 222 AD3d 437 [1st Dept. (2023) (petition seeking declaratory and injunctive relief against respondents' determination to exclude City employees from the repeal of the COVID-19 vaccination requirement for other employees, effective November 1, 2022, rendered moot because the vaccination mandate for City employees was rescinded in February 2023). At any rate, "[a] plaintiff may not seek a declaratory judgment when other remedies are available..."[FN22]
. In her complaint, Plaintiff seeks "a declaratory judgment that Defendants' policy and practice to deny all requests for religious accommodations to its vaccine policies pertaining to her, regardless of whether reasonable accommodations are available that would resolve the religious conflict without imposing undue burden on the NDCHS, is unlawful"[FN23]
. As Plaintiff possesses other remedies for the alleged "unlawful" conduct of NDCHS, to wit, causes of action under the NYSHRL and NYCHRL, the cause of action for a declaratory judgment must be dismissed as duplicative of those claims as against the New Dawn Defendants. Insofar as the sufficiency of the remaining causes of action is not addressed by the New Dawn Defendants in their motion papers, dismissal of those claims is denied.
Motion for Default Judgment/Motion to Extend Time
"A defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action". Bank of Am., N.A. v. Viener, 172 AD3d 795, 796, 2d Dept. (2019); see Green Tree Servicing, LLC v. Weiss, 180 AD3d 654, 655, 2d Dept. (2020). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court". Dove v. 143 Sch. St. Realty Corp., 172 AD3d 1315, 1317, 2d Dept. (2019). Lack of prejudice to the plaintiff and the strong policy of deciding cases on the merits are other factors which may be considered in opening a default and granting leave to serve a late answer. See Velasquez v. New York City Tr. Auth./MTA, 198 AD3d 555, 1st Dept. (2021); Pierot v. Leopold, 154 AD3d 791, 2d Dept 2017). The City Defendants proffered a reasonable excuse for the late motion to dismiss, to wit, that the assigned assistant corporation counsel left his employment with the New York City Law Department on February 16, 2024, prior to the expiration of the stipulated time to answer, necessitating reassignment to a new attorney, in addition to Plaintiff's counsel's implication in a February 21, 2024 email that he would not be moving for a default judgment [FN24]
. Also, the City Defendants have proffered a meritorious defense in that Plaintiff was a charter school employee, not employed by any of the City Defendants. Considering further the lack of demonstrable prejudice to Plaintiff and the relatively short delay in the filing of the City [*6]Defendants' motion to dismiss, Plaintiff's motion for a default judgment is denied and the City Defendants' motion to extend the time to respond to the complaint nunc pro tunc to March 20, 2024 is granted.
City Defendants' Motion to Dismiss
The City Defendants' motion to dismiss is granted as they have established that they did not employ Plaintiff and are therefore not proper parties to this action. Plaintiff was employed by a charter school which, by statute, is "independent and autonomous" from the City and DOE [FN25]
. "An employee of a charter school shall be an employee of the education corporation formed to operate the charter school and not an employee of the local school district in which the charter school is located"[FN26]
. It is the board of trustees of a charter school which "shall employ and contract with necessary teachers, administrators and other school personnel"[FN27]
. Further, Education Law 2853(1)(g) provides that "no civil liability shall attach to any charter entity, the board of regents, or to any of their members or employees, individually or collectively, for any acts or omissions of the charter school. Neither the local school district, the charter entity nor the state shall be liable for the debts or financial obligations of a charter school or any person or corporate entity who operates a charter school"[FN28]
. Plaintiff does not otherwise provide factual allegations articulating the role the DOHMH had in the alleged denial of a religious accommodation and/or termination of Plaintiff.
Accordingly,
It is hereby ORDERED that part of the New Dawn Defendants' motion (Motion Sequence #1) is GRANTED to the extent that the fourth, fifth and sixth causes of action are dismissed.
It is further ORDERED that the remainder of the New Dawn Defendants' motion is DENIED.
It is further ORDERED that Plaintiff's motion for a default judgment (Motion Sequence # 2) is DENIED.
It is further ORDERED that the City Defendants' motion to extend time to respond to the complaint (Motion Sequence # 3) is GRANTED.
It is further ORDERED that the City Defendants' motion to dismiss the complaint (Motion Sequence # 4) is deemed timely.
It is further ORDERED that the City Defendants' motion to dismiss (Motion Sequence # 4) is GRANTED in all respects. 
It is further ORDERED that the complaint is hereby dismissed against the City Defendants.
It is further ORDERED that the New Dawn Defendants shall file an answer within 30 days of the filing of this order in NYSCEF with notice of entry.
This constitutes the Decision and Order of the Court.
Date: July 10, 2024
Brooklyn, New York
Hon. Patria Frias-Colón, J.S.C.

Footnotes

Footnote 1:NYSCEF Doc No. 1 at ¶ 14.

Footnote 2:Id. at ¶ 15.

Footnote 3:NYSCEF Doc No. 1, at ¶ 17.

Footnote 4:Id. at ¶ 18.

Footnote 5:Id. at ¶ 20.

Footnote 6:Id. at ¶ 20.

Footnote 7:Id. at ¶¶ 26-28.

Footnote 8:Id. at ¶¶ 29-30.

Footnote 9:Id. at ¶¶ 29-30.

Footnote 10:See DiMauro v. Metropolitan Suburban Bus Auth., 105 AD2d 236, 239 2d Dept. (1984); Fowler v. American Lawyer Media, Inc., 306 AD2d 113, 113 1st Dept. (2003); Shariff v. Murray, 33 AD3d 688 2nd Dept. (2006).

Footnote 11:See Schuckman Realty, Inc. v. Marine Midland Bank, N.A., 244 AD2d 400, 401 [2d Dept 1997]; O'Riordan v. Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn., 95 AD2d 800, 800 2d Dept. (1983).

Footnote 12:See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 46 AD3d 530, 530 2d Dept. (2007) [citation omitted].

Footnote 13:Minovici v. Belkin BV, 109 AD3d 520, 523, 2d Dept. (2013).

Footnote 14:Webb v. Greater NY Auto. Dealers Assn., Inc., 123 AD3d 1111, 1112 2d Dept. (2014).

Footnote 15:NYSCEF Doc No. 45.

Footnote 16:See Brown v. State of New York, 89 NY2d 172, 186 (1996); Martinez v. City of Schenectady, 97 NY2d 78, 83-84 (2001).

Footnote 17:See Lyles v State, 2 AD3d 694, 695 2d Dept. (2003), aff'd, 3 NY3d 396 (2003).

Footnote 18:Brunache v. MV Transp., Inc., 151 AD3d 1011, 1014 2d Dept. (2017).

Footnote 19:Ratto v Oliva, 195 AD3d 870, 873 2d Dept. (2021), quoting Murphy v American Home Prods. Corp., 58 NY2d 293, 303 (1983).

Footnote 20:NYSCEF Doc No. 1 at pg.14 ¶ 72

Footnote 21:See Downe v. Rothman, 215 AD2d 716 2d Dept. (1995); Playtogs Factory Outlet v. County of Orange, 51 AD2d 772 2d Dept. (1976); De Veau v. Braisted, 5 AD2d 603 2d Dept. (1958), aff'd 5 NY2d 236 (1959), aff'd 363 US 144 (1960).

Footnote 22:Singer Asset Fin. Co., LLC. v. Melvin, 33 AD3d 355, 358 1st Dept. (2006).

Footnote 23:NYSCEF Doc No. 1 at ¶ 57.

Footnote 24:NYSCEF Doc No. 28.

Footnote 25:Education Law § 2853(1)(c).

Footnote 26:Education Law § 2854(3)(a).

Footnote 27:Education Law § 2854(3)(a-1).

Footnote 28:Education Law 2853(1)(g).