| U.S. Bank N.A. v Cabrera |
|:---:|
| 2026 NY Slip Op 30861(U) |
| February 27, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 19463/2013 |
| Judge: Carolyn Walker-Diallo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part FRP4, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 320 Jay Street, Brooklyn, New York, on the 27th day of February 2026.

PRESENT:

HON. CAROLYN WALKER-DIALLO, J.S.C.

_____ x

U.S. BANK N.A.,

                                        Plaintiff,

        -*against*-

HEYLIN CABRERA, et al.,

                                   Defendants.

_____ x

Index No.: 19463/2013

**DECISION AND ORDER**

Recitation, as required by CPLR 2219 (a), of the papers considered in the review of this Order to Show Cause:

| Papers | Numbered |
|---|---|
| Order to Show Cause, and Exhibits | NYSCEF Doc. Nos. 159-180, 182-184 |
| Affirmation in Opposition | NYSCEF Doc. Nos, 186-223 |
| Affirmation in Reply | NYSCEF Doc. Nos. 225-227 |
| Correspondence to Court | NYSCEF Doc. Nos. 228-229 |
| Correspondence to Court | NYSCEF Doc. No. 237 |

Motion Sequence #11

Upon the foregoing cited papers, the Decision/Order on this Order to Show Cause is as follows:

Heylin Cabrera ("Defendant") moves for an order (1) staying the foreclosure sale pending Defendant's appeal of the July 2, 2024 order that denied Defendant's order to show cause pursuant to CPLR 5519 (a)(6); (2) vacating the Judgment of Foreclosure and Sale ("Judgment"), and

1

[* 1]

dismissing the action pursuant to CPLR 5015 (a)(4), 3211 (a) (7), 6514 (a), 6512, and 308 (2); (3) restoring Motion Sequence 10, which was marked off; (4) dismissing the action for failure to comply with RPAPL 1304; (5) staying enforcement of the Judgment to allow for tolling due to Plaintiff's delay; and (6) staying the foreclosure pending determination of the instant motion pursuant to CPLR 2201. Plaintiff submits opposition papers and Defendant submits reply papers. For the foregoing reasons, Defendant's order to show cause is DENIED.

## DISCUSSION

"A party seeking to vacate an order entered upon his or her failure to appear at a hearing must demonstrate a reasonable excuse for the default and a potentially meritorious claim or defense to be raised at the hearing. The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue." *Residential Mtge. Loan Trust v. Battle*, 207 A.D.3d 764, 766 (2d Dep't 2022) (Internal quotation marks and citations omitted), citing CPLR 5015 (a) (1). Here, counsel proffers a reasonable excuse for the nonappearance. However, Defendant does not have a potentially meritorious claim or defense, as discussed below.

"[A] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or which might have been litigated in the foreclosure action are concluded. Furthermore, a judgment by default which has not been vacated is conclusive for res judicata purposes." *83-17 Broadway Corp. v. Debcon Fin. Servs., Inc.*, 39 A.D.3d 583, 584-85 (2d Dep't 2007) (Internal quotation marks and citations omitted). Finally, "the entry of the judgment of foreclosure and sale in this action bars consideration of the issues raised by the defendant, since those issues either were raised or could

2

[* 2]

have been raised during the pendency of the action." *Deutsche Bank Natl. Trust Co. v. Matheson*, 229 A.D.3d 505, 506 (2d Dep't 2024). Here, Defendant has appeared and extensively litigated this action, and the numerous arguments raised have been rejected by the court. At this juncture, Defendant attempts to raise arguments to warrant vacatur of the Judgment. Additionally, the Judgment was previously upheld by the Appellate Division, Second Department in 2021. *See* Order of the Appellate Division, dated March 31, 2021, NYSCEF Doc. No. 3.

"The doctrine of the law of the case seeks to prevent relitigation of issues of law that have already been determined at an earlier stage of the proceeding." *Bank of N.Y. Mellon v. Singh*, 205 A.D.3d 866, 867 (2d Dep't 2022). This doctrine "is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned. Such a rule is essential to an orderly and seemly administration of justice in a court composed of several judges." *U.S. Bank N.A. v. Tenenbaum*, 228 A.D.3d 696, 699-700 (2d Dep't 2024) (Internal quotation marks and citations omitted). Here, Defendant raises issues in her current motion papers that were previously raised in prior motions denied by the court. Additionally, Defendant previously stated that she transferred the property in order to "attempt to shield the property for judgment creditors and to avoid being personally liable for any deficiency judgments" and now seeks to take step back in time to recapture her traverse defense. *See* Supplemental Affidavit of Defendant dated January 6, 2017, NYSCEF Doc. No. 17. Therefore, the relief sought is barred by law of the case. Further, if as Defendant alleges, the court overlooked matters that were argued in prior motions, timely motions to reargue or appeals should have been filed to the appropriate court.

Moreover, the Honorable Noach Dear previously granted Defendant's motion for a stay pending a previous appeal, provided that a bond be posted. *See* Order of the Hon. Noach Dear,

[* 3]

entered May 20, 2019, Kings County Clerk's Minutes. However, Defendant did not post bond. Defendant again requests that the Court set bond in the motion papers filed but avers that she will not do so. *See* Correspondence by Defendant, NYSCEF Doc. No. 234[1]. Therefore, this Court will not order that a bond be posted and will not extend the stay.

Lastly, Defendant's request to toll interest is DENIED. Defendant does not demonstrate, and the record does not reflect, any conduct by Plaintiff that warrants this relief. Delays attributable to Defendant do not justify tolling.

CONCLUSION

Accordingly, Defendant's order to show cause is DENIED. All stays are lifted. The Court has considered the additional contentions of the parties not specifically addressed herein. To the extent that any relief requested was not addressed by the Court, it is hereby DENIED. Defendant shall serve notice of entry of this order within ten (10) days of the upload of the order to NYSCEF upon Plaintiff, Defendants, the Referee, and all parties who have appeared in this action, with those not participating in e-filing to be noticed via first-class mail.

This constitutes the Decision and Order of the Court.

ENTER:

_____

Hon. Carolyn Walker-Diallo, J.S.C.

---

[1] Defendant filed correspondence to the Court, which is considered for the sole purpose of demonstrating that Defendant will not post bond and waives the request for same. The additional contentions raised by Defendant are beyond the scope of what the Court permitted to be filed and will not be considered as impermissible sur-reply papers filed after the motion was submitted.

4